AUGUST FISHER

*v.*

THE BOARD OF TRADE OF CHICAGO *et al.*

| 80 | 85 |
|-----|-----|
| 121 | 421 |

| 80 | 85 |
|-----|-----|
| 50a | 581 |
| 51a | 132 |

| 80 | 85 |
|-----|-----|
| 157 | 122 |

| 80 | 85 |
|-----|-----|
| 162 | 439 |

| 80 | 85 |
|-----|-----|
| 174 | 593 |

| 80 | 85 |
|-----|-----|
| 94a | [1]305 |

| 80 | 85 |
|-----|-----|
| 100a | [2]276 |

| 80 | 85 |
|-----|-----|
| 105a | [1]381 |

1. CHANCERY — *can not restore a member unlawfully expelled from an association.* If a member of a board of trade is improperly expelled by proceedings contrary to the constitution and by-laws, or rules of the board, a court of chancery can not restore him.

2. INJUNCTION—*a preventive remedy only.* An injunction is a preventive remedy merely, and can not be so framed as to command a party to undo what he has done.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. ALLAN C. STORY, for the appellant.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, and Messrs. DENT & BLACK, for the appellees

Mr. JUSTICE BREESE delivered the opinion of the Court

Appellant, being a member of the Board of Trade of the city of Chicago, was complained against by a firm, whose members, one or more, belonged to the same association. for dishonesty in a bran transaction, demanding the action of the board against him, in pursuance of the constitution and rules of the association. Such 'proceedings were had before the proper authorities of the board, as to result, on their report

to the board, in the expulsion of appellant by a vote of a majority of the association voting on the question.

Some weeks thereafter, appellant exhibited his bill on the equity side of the Superior Court of Cook county, against the board, complaining of their action in the premises, and that he had been unjustly expelled, and praying an injunction to restrain the board, its secretary and board of directors, from interfering with him in any manner in the full enjoyment of his rights, privileges and franchises, and in his right in common with other members of the board of entering the rooms used by the board, and from remaining in attendance as a member on the sessions of the board, and to transact business therein unmolested, in the same manner as other members of the board.

An answer was put in to the bill and replication thereto. An affidavit of one Lesley was filed by defendants in support of a motion to dissolve the injunction, and depositions taken on both sides, when, upon the hearing, the injunction was dissolved.

The cause was then considered by the court, and, at the solicitation of complainant, it was proposed a decree should be rendered dismissing the bill. It had been suggested by the court, and reiterated by the defendants' counsel, before the final decree passed, that, on application of complainant to the board of trade, a new vote would be taken on the question of expulsion. To enable the complainant to make up his mind on this proposition, the cause was continued to the next term, at which term, complainant having elected not to apply for a new vote, a final decree was rendered dismissing the bill, and on a suggestion, in writing, of damages, they were assessed, under the proofs heard on that question, at five hundred dollars.

To reverse this decree this appeal is prosecuted.

We do not consider it necessary to discuss the various propositions made by appellant, satisfied, as we are, had a demurrer been interposed to the bill, it must have been sustained

for want of equity in the bill; that, in its entire scope, there is nothing out of which an equity can spring. Suppose appellant had no notice of this proceeding, and had been unjustly expelled, can a court of equity reinstate him by injunction? We think not.

This court, in *Wangelin et al.* v. *Goe*, 50 Ill. 459, said an injunction was a preventive remedy merely, and can not be so framed as to command a party to undo what he has done. The very terms of the writ indicate its purpose—restraint.

Stripped of its redundancies, the prayer of the bill is, in effect, to restore appellant to his position as a member of the board of trade, nothing less. It must be apparent a court of chancery can not do this. The action of the board is final and complete, and if it has erred in that action, either on the merits or has acted in a case without having jurisdiction, chancery can not afford a remedy.

We did not design saying anything upon the merits, but we can not refrain from expressing the opinion there is sufficient evidence in the record to show that appellant received notice of the meeting to be held on the ninth of July, as early as the seventh of that month, and had he informed the board, or notified them of his domestic affliction of the ninth, it is not at all probable there would have been final action on that day, although such action would have been regular.

There is but little doubt, had appellant made the proper representations to the board, of occurrences in his family on the ninth, a new vote would have been accorded him.

If appellant has been improperly expelled by proceedings contrary to the constitution and by-laws or rules of the board, a court of chancery can not restore him. We perceive no error in assessing damages. The proof sustains the amount found as damages.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*