## LEWIS W. PITCHER

*v.*

## THE BOARD OF TRADE OF THE CITY OF CHICAGO.

*Filed at Ottawa September 26, 1887.*

1. CORPORATION — *expulsion of members — powers — conclusiveness.* Where a person becomes a member of a corporation, under and subject to the conditions of its charter, and agrees to be governed by its rules and regulations and by-laws passed in pursuance of the charter, among which is one providing for the trial and expulsion of members for certain causes, and he is charged with one of the offences named, and expelled, and the proceedings against him appear to have been regular and in accordance with such rules and regulations, the sentence of expulsion will be conclusive on him, the same as the award or judgment of any other tribunal, and the merits of the expulsion can not be inquired into by the courts.

2. BOARD OF TRADE OF CHICAGO — *expulsion of members — powers of the board — how far its action conclusive.* Under section 6 of the charter of the Board of Trade of the city of Chicago, which provides that the corporation "shall have the right to admit or expel such persons as they may see fit, in the manner to be prescribed by the rules, regulations and by-laws thereof," the corporation may properly adopt a rule providing for the trial and expulsion of a member for a violation of its rules, by its board of directors; and such expulsion will be binding and conclusive on such member, he having agreed to submit to and observe all such rules, regulations and by-laws as might be adopted. It is not essential to the validity of the act of expulsion, that the power should be exercised by the body of the corporators themselves, rather than by the board of directors.

3. So where a member of the board of trade in the city of Chicago has been tried and expelled on charges of misconduct preferred in accordance with its rules and regulations, to which he has assented, and by which he has agreed to be bound, the judgment of expulsion will be binding on him, and can not be collaterally attacked in the courts of law, on the ground that two of the directors trying him were not citizens of the United States, or that two of them were prejudiced against him and not impartial triers, or that some of the triers did not hear portions of the evidence, but read the same after it was written out, or because the prosecuting witness was improperly sworn before a notary public.

4. INJUNCTION — *of carrying out sentence of expulsion from membership in board of trade.* A bill for injunction will not lie at the suit of an expelled member of a corporation against the incorporation, to restore him, on the ground that the expulsion deprives him of a valuable pecuniary and property interest in his membership.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for the appellant:

The board of directors had no authority to try and expel appellant. That could only be done by the corporation. Its by-laws or regulations, which are illegal or void for want of power, can not bind a member, though assenting thereto. An expulsion is a forfeiture, and is not favored in law. *People* v. *Cotton Exchange*, 15 N. Y. 216.

Proceedings to disfranchise must be strictly pursued. *Rex* v. *Sutton*, 10 Mod. 76; *Evans* v. *Philadelphia Club*, 50 Pa. St. 127.

The presumption is in favor of the member, and against the validity of the alleged expulsion. *People* v. *Medical Society*, 32 N. Y. 187.

. A charter granting a power to expel, in general terms, is limited to infamous offences, to offences against his duty to the corporation, and to offences compounded of the two; and, also, such power to expel, when granted to the corporation, can not be delegated to a committee. *State* v. *Chamber of Commerce*, 20 Wis. 8.

By-laws which vest in a majority the power of expulsion for minor offences, are void, and expulsions made under them will not be sustained in a court of justice. *Evans* v. *Philadelphia Club*, 50 Pa. St. 127.

The power to disfranchise can only be exercised by the entire association. *Medical Society* v. *Weatherly*, 75 Ala. 248; *Commonwealth* v. *German Society*, 15 Pa. St. 251.

The tribunal was not an impartial one. In all courts all the triers must be indifferent as to the parties and as to the issues. *Gates* v. *People*, 14 Ill. 433; 1 Bishop on Criminal Proc. sec. 903; *Insurance Co.* v. *Schueller*, 60 Ill. 466; *Railroad Co.* v. *Adler*, 56 id. 344; *Fleming* v. *State*, 11 Ind. 234; *Hutchinson* v. *Lawrence*, 67 How. Pr. 38.

The examination of witnesses should be in the presence of the whole court or body of triers. DeHart's Military Law, 173, 150, 151, 92, 25; Hough on Court Martial, 666.

Two of the trial court were aliens, and therefore incompetent to act.

That the proper remedy is by bill, and not at law, see *Montague* v. *Dudman,* 2 Ves. Sr. 397; *State* v. *Grocey,* 11 Nev. 223; *Beebe* v. *Guinault,* 29 La. Ann. 795; *Olery* v. *Brown,* 51 How. Pr. 92.

If the club has no property, equity will not relieve from such expulsion. *Littleton* v. *Blackburn,* 33 L. T. Rep. (N. S.) 641; *White* v. *Brownell,* 4 Abb. Pr. 92.

Cases where a court of equity has interfered and declared an expulsion void, and enjoined a corporation from depriving the member of his rights: *Fisher* v. *Keane,* 11 Law Rep. (Ch. Div.) 353; *Leach* v. *Harris,* 2 Brewst. 271.

Mr. C. Beckwith, also for the appellant:

Rules providing for the expulsion of a member of a corporation must not be in violation of the charter or the general laws of the land. The corporation is the owner of property of great value, and membership in it is property of pecuniary value. A rule, for violation of which a forfeiture of property rights may be declared, should specify certain acts or omissions of which a member must be proved guilty before a forfeiture can be declared.

Statements not under oath are not evidence, and can not be made the basis of a finding upon which a man can be deprived of his right of property.

The corporation had no power to delegate its authority to enforce its rules, to its board of directors, or to any other committee. *State* v. *Chamber of Commerce,* 20 Wis. 8; *Medical Society* v. *Weatherly,* 75 Ala. 248; *Commonwealth* v. *German Society,* 15 Pa. St. 251.

According to the rule of all tribunals undertaking to administer justice, the prosecutor is not allowed to act as a trier. All triers should be indifferent, both as to the parties and the issue. *Gates* v. *People,* 14 Ill. 433; *Insurance Co.* v. *Schueller,* 60 id. 466; *Railroad Co.* v. *Adler,* 56 id. 344; *Fleming* v. *State,* 11 Ind. 234; *Rice* v. *State,* 16 id. 298; *Joyce* v. *Whitney,* 57 id. 550; *Rex* v. *Edmunds,* 4 B. & A. 471; *Willis' case,* 15 Howell's State Trials, 613; *Stewart* v. *State,* 15 Ohio St. 155; *Rafe* v. *State,* 20 Ga. 60; *Commonwealth* v. *Hussey,* 9 Pick. 496; *Spear* v. *Spencer,* 1 Iowa, 534; 1 Bishop on Crim. Proc. secs. 903, 911.

In cases of like nature, all the authorities establish the rule, and it is conceded, that the accused is entitled to a fair and impartial trial. *Fisher* v. *Keane,* 11 L. R. (Ch. Div.) 353; *Hutchinson* v. *Lawrence,* 67 How. Pr. 38; *Evans* v. *Philadelphia Club,* 30 Pa. St. 127; *People* v. *Medical Society,* 32 N. Y. 187; *People* v. *Cotton Exchange,* 15 id. 216; *State* v. *Chamber of Commerce,* 20 Wis. 8.

A trial upon statements not under oath, and a finding from hearsay, has not the semblance of a fair trial.

In England, when a club has no property, equity will not relieve from an expulsion. (*Littleton* v. *Blackburn,* 33 Law Times, 641.) But if the club has property, or extends to a member privileges of a pecuniary value, the court will exercise its power, (*Fisher* v. *Keane,* 11 L. R. Ch. Div. 353.) So in this country. *Evans* v. *Philadelphia Club,* 50 Pa. St. 157; *Olery* v. *Brown,* 51 How. Pr. 92; *White* v. *Brownell,* 4 Abb. Pr. 162; *Ryan* v. *Brown,* 18 Mich. 196; *Leach* v. *Harris,* 2 Brewst. 571; *Diggins* v. *Chamber of Commerce,* 99 Wis. 45.

Mr. SIDNEY SMITH, for the appellee:

During the pendency of a suit by *mandamus,* to compel his restoration to membership, appellant filed this bill for an injunction to restrain the appellee from interfering with or preventing him from free access to the exchange hall, and from

conducting business therein pending the *mandamus* case. In other words, praying a court of equity to restore him to membership in advance of a decision at law—a merely mandatory injunction, which this court has held should not be granted. *Fisher* v. *Board of Trade,* 80 Ill. 85 ; *Baxter* v. *Board of Trade,* 83 id. 146.

The proceedings were regular, and were authorized by the rules of the association, and the charges were sufficient. The appellant appeared, and was heard in his defence, and the charges were sustained by a unanimous vote of the board of directors.

The objection that the board of directors had no power to try and expel, is unfounded. The charter gives the association power to adopt rules "for the government of the corporation, (sec. 1,) and to expel members," in manner to be prescribed by the rules. (Sec. 6.) Pitcher signed an agreement to abide by and be subject to the rules, etc., of the association, and "he stands convicted by the sentence of a tribunal of his own choice, which, like an award of arbitrators, concludes him." *Black* v. *Van Dyke,* 2 Whart. 309.

The validity of these rules conferring this power, has been repeatedly affirmed by this court. *People* v. *Board of Trade,* 45 Ill. 112 ; 80 id. 134.

In the last case, the power and jurisdiction of the board of directors to try was expressly challenged, but this court sustained the power, and so have the courts elsewhere. *State* v. *Managers,* 40 N. J. L. 295 ; *People* v. *Com. Assn.* 18 Abb. Pr. 271 ; High on Ex. Legal Rem. sec. 292 ; *State* v. *Chamber of Commerce,* 47 Wis. 670.

The objection alleging that Pitcher was not guilty, goes simply to the merits. The merits will not be reviewed. The finding of the directors is conclusive. Angell & Ames on Corp. sec. 418.

The objection that two members of the board voting for conviction were not citizens, (though untrue,) is groundless.

No such qualification is prescribed by the charter or rules. Sec. 6 of Charter; sec. 1, rule 10.

The objection that some of the directors voting were absent when some of the testimony was taken, unexplained, would, at most, be mere error, which could not be thus collaterally attacked; but this testimony was preserved in writing, and, with the assent and approval of Pitcher, was read in the presence of all who voted.

The objection that the testimony before the board was not under oath, has a three-fold answer: Neither the charter nor rules to which Pitcher assented require testimony under oath. Pitcher made no such objection when the testimony was introduced. Lastly, it was, in fact, under oath, administered by a notary public.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

May 13, 1886, appellant was expelled from the Board of Trade of the city of Chicago. On the 8th of June thereafter he filed his bill in the circuit court of Cook county and obtained a preliminary injunction restraining the board from interfering with his "access into and upon the exchange hall of the board * * * and from carrying on his business therein" as he had theretofore done. After issue joined, a motion to dissolve the injunction was heard upon sworn answer and bill, and affidavits, and certain documentary proofs. The circuit court dissolved the injunction and dismissed the bill for want of equity. Its decree has been affirmed by the Appellate Court, and from the latter court the case is brought before us by appeal.

The first point made by appellant is, that the "Board of Trade of the city of Chicago" can not delegate the power of expulsion to its board of directors, and that his expulsion is illegal as having been the act of the directors, when the power to bring it about rested with the body of the corporators.

The main authority relied upon in support of this position is the case of *State* v. *Chamber of Commerce,* 20 Wis. 63, where an act provided that corporations organized under it should "have the right to admit as members such persons as they may see fit and expel any members as they may see fit."

The language of appellee's charter (*vide* Private Laws of 1859, page 13) is, however, much broader and more comprehensive than the Wisconsin law. The first section of that charter empowers the corporation to "make such *rules,* regulations and by-laws from time to time as they may think proper or necessary *for the government* of the corporation hereby created, not contrary to the laws of the land." The sixth section provides that the corporation "shall have the right to admit or *expel such persons as they may see fit in manner to be prescribed by the rules, regulations and by-laws thereof.*" The third section provides that "the officers shall consist of a president, one or more vice-presidents and *such other officers as may be determined upon by the rules,* regulations or by-laws of said corporation."

In pursuance of the authority conferred by the first and third sections, the government of the board was, by section 1 of rule 1 of its standing rules, "vested in a president, two vice-presidents and fifteen directors, who, including the president and vice-presidents, shall be known as the board of directors," etc.

Under the authority of the sixth section of the charter, the board adopted the ninth section of rule 4, which provides, that "when any member of the association * * * shall violate any of the rules, regulations or by-laws of the association, or * * * shall be guilty of making or reporting any false or fictitious purchases or sales; or * * * shall be guilty of any act of bad faith or * * * of any dishonorable or dishonest conduct, he shall be censured, suspended or expelled by the board of directors as they may determine from the nature and gravity of the offence com-

mitted. * * * An affirmative vote of at least twelve members of the board of directors shall be necessary to expel."

We think that the ninth section of rule 4, as here quoted, comes fairly within the meaning of section 6 of the charter. The latter section gives the corporation the right to expel such persons as they may see fit in such "*manner*" as may be prescribed by the "rules," regulations, etc. Expulsion by the action of the directors is one mode or manner of expulsion; expulsion by a majority vote of all the corporators is another mode or manner of expulsion. A rule prescribing the former mode is as much authorized and justified by the language of the charter as a rule prescribing the latter mode. *State* v. *Milwaukee Chamber of Commerce*, 47 Wis. 670.

Various other objections are made by appellant. He complains that two of the directors were not naturalized citizens of the United States, and that two of them were prejudiced and not fair and impartial triers of his case, that some of them did not hear portions of the evidence, but read it after it had been written out, that the prosecuting witness was improperly sworn before a notary public, and that appellant was not guilty of the charges preferred against him.

We think that the judgment of expulsion is binding upon the appellant and can not be collaterally attacked for any of the reasons here specified.

Section 1 of rule 10, which was in force, except as to the amount of the initiation fee, when appellant became a member of the association, requires, as one of the conditions of admission to membership, that the applicant shall sign "an agreement to abide by the rules, regulations and by-laws of the association and all amendments that may be made thereto." When appellant became a member, on or about the 6th of October, 1878, he signed an agreement to respect and be governed by such rules, regulations and by-laws.

Appellant was charged with keeping fictitious accounts, one called "Hedges," which was alleged to be his own firm

account, and one called "Sam Weed," which was alleged to be his own individual account, and with making purchases or sales on account of "Hedges" or "Sam Weed," which, if they turned out to be profitable, would remain in these accounts, so that he or his firm would reap the profits, but, if they resulted unprofitably, would be transferred to the accounts of his customers, so that the latter would be forced to bear the losses.

When these charges were made, the board of directors proceeded as directed by section 16 of rule 4; they appointed a committee of their own number to make a preliminary examination into the charges; the committee made the preliminary examination and reported in favor of a full investigation; thereupon appellant was notified to appear before the board of directors; he did appear, pleaded not guilty, a trial was had, testimony was heard, the charges were sustained and he was expelled.

Section 13 of rule 4 provides for the re-admission, upon certain terms, of an expelled member by an affirmative vote of twelve members of the board of directors, and such re-admission may be granted without the payment of initiation fees, if it is proven that he has been expelled on false testimony, or that there was error in the decision against him. Appellant presented his petition for restoration to membership, but the same was not granted.

What is the law applicable to the state of facts here recited? When the appellant became a member of the Board of Trade under and subject to the articles and conditions of its charter and by signing an agreement to be governed by the rules, regulations and by-laws passed in pursuance of that charter, he, of course, became such member under and subject to the rule, which imposed *expulsion* as a penalty for the offence with which he was charged, and under and subject to the rules, which directed the mode of investigating and trying such offence. The proceedings against him appear to have

been regular and in accordance with the rules and the provisions of the charter. The expulsion is, therefore, conclusive against him. "The sentence is like an award made by a tribunal of the party's own choosing; * * * The society being empowered by its charter to act judicially, its sentence is just as conclusive as that of any other judicial tribunal." Angell & Ames on Corp. (11th ed.) sec. 418; High on Ex. Legal Rem. (2d ed.) sec. 292.

The merits of appellant's expulsion can not be re-examined by us in this proceeding. The minor irregularities, of which he complains, were waived by his appearance before the board of directors and the submission of his case for trial by them without objection either to the manner in which that body was constituted, or to the mode of its proceeding. *Appeal of Aaron Sperry et al.* 116 Pa. 391.

The learned judge of the circuit court undoubtedly dismissed the bill because we have several times decided that a bill for injunction will not lie in cases of this kind. (*Fisher* v. *Board of Trade,* 80 Ill. 85; *Baxter* v. *Board of Trade,* 83 id. 146; *Sturges* v. *Board of Trade,* 86 id. 441.) The facts in the *Baxter case* are like those in the case at bar; there, as here, a petition for *mandamus* was first filed and was at once followed by the filing of a bill for an injunction· pending the determination of the *mandamus* proceeding. It is sought, however, to distinguish that case from the present one on the ground that the irreparable injury there complained of consisted merely in the loss of speculative profits, and that the expulsion was not enjoined because the object of the injunction was to enable a member "to speculate upon the rise and fall of the products of the country." On the other hand it is claimed here, that the appellant has a valuable pecuniary and property interest in his membership, and that his expulsion deprives him of the legitimate profits, which he would be able to make in a large and profitable business.

We pass no opinion upon the distinction thus sought to be made between the case at bar and the *Baxter case.* The discussion of such a distinction is rendered unnecessary by the views herein expressed as to the finality of the judgment of expulsion against the appellant by reason of its having been rendered by a tribunal of his own choosing, and under rules by which he pledged himself to abide.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*