HARRY M. GREEN

*v.*

THE BOARD OF TRADE OF THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. CORPORATIONS—*courts will not control enforcement of reasonable by-laws.* Courts will not interfere to control the enforcement of reasonable by-laws which infringe no rule of law or public policy, but will leave such enforcement to the corporation in the manner they have adopted for their own government and discipline.

2. SAME—*member agrees to abide by reasonable by-laws.* One becoming a member of a corporation agrees and is bound to abide by its by-laws and rules adopted with reference to its government and discipline, which are authorized by the nature of the corporation, and not unreasonable or against the law or public policy.

3. SAME—*by-law providing for investigation of charges without notice to member is not unreasonable.* A by-law of a board of trade providing that a reported offense by a member involving the good name of the corporation shall be investigated by a committee, without notice to the member, to determine whether charges will be preferred, is not unreasonable or against public policy or law, as such preliminary inquiry is not a trial.

4. SAME—*fact that charges are preferred by member of trial board not ground for equitable interference.* Equity will not enjoin the trial of a member of a board of trade by the board of directors upon a charge of violating its rules and regulations, although the charges are preferred by a member of said board and the preliminary inquiry was conducted by a committee composed of part of such board.

5. SAME—*by-law excluding right to professional counsel is not illegal.* Equity will not enjoin the trial of a member of a board of trade by the board of directors upon the charge of violating its rules and regulations, upon the ground that under the by-laws and rules, to which the member has subscribed, the right to professional counsel in such case is denied.

6. SAME—*fact that member avers his innocence does not affect right of procedure.* The fact that a member of a corporation avers his innocence of a charge against him which is clearly a violation of the by-laws, does not affect the right of the corporation to follow its prescribed rules of procedure in bringing the member to trial.

7. BOARDS OF TRADE—*existence of unperformed contracts does not prevent expulsion of member of board of trade.* The existence of unperformed contracts undertaken by a member of a board of trade will not prevent his trial and expulsion for a violation of its rules, as customers dealing with a member of such an organization are conclusively presumed to have dealt with reference to its rules.

*Green* v. *Board of Trade,* 63 Ill. App. 446, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

MONROE & THORNTON, for appellant:

Where an association is voluntary and there are no property interests at stake, the courts will not interfere with the discipline of its members; but where large property interests are at stake, or the association or corporation is maintained and carried on for the pecuniary benefit of its members, the courts will protect a member from any illegal and unwarranted attempts to disfranchise him. *Rigby* v. *Connol,* L. R. 14 Ch. Div. 482; *In re St. James' Club,* 2 D., M. & G. 387; *Baird* v. *Wells,* L. R. 44 Ch. Div. 661; *Forbes* v. *Eden,* L. R. 1 H. L. Scotch App. Cas. 568; *Hopkinson* v. *Marquis of Exeter,* L. R. 5 Eq. 66.

The membership itself in the board is a valuable property right. *Weaver* v. *Fisher,* 110 Ill. 146; *Jones* v. *Fisher,* 116 id. 68.

Expulsions are in the nature of forfeitures, which the courts do not look upon with favor. *People* v. *Cotton Exchange,* 8 Hun, 216.

No man can be convicted without notice of the trial, without a hearing, without an opportunity to produce his own evidence, and without an opportunity to cross-ex-

amine his accusers.    This extends to trials before clubs, or boards of directors representing corporations.  *Loubat* v. *LeRoy*, 40 Hun, 546; *Willis* v. *Child*, 13 Beav. 117; *Murdock* v. *Phillips' Academy*, 12 Pick. 244.

A by-law, to be valid, must not be unreasonable.  *Palmetto Lodge* v. *Hubble*, 2 Strobh. L. 457; *People* v. *Throop*, 12 Wend. 183.

The power to enact by-laws is limited by the nature of the corporation and the laws of the country.    It can make no rule which is contrary to law, good morals or public policy.  *Sayre* v. *Louisville, etc. Ass.* 21 Duval, 143.

The rules of a club cannot be contrary to natural justice.  *Dawkins* v. *Antrobus*, L. R. 17 Ch. Div. 630; *Seaton* v. *Gould*, 5 Times L. R. 309.

Any by-law which prevents a member carrying out his lawful contracts with outside persons is contrary to the law and public policy.  The board of trade must submit to being controlled for the good of the public.  *People* v. *Produce Exchange*, 29 N. Y. Supp. 307; *New York Exchange* v. *Board of Trade*, 127 Ill. 153.

GREEN, ROBBINS & HONORE, for appellee:

Neither courts of law nor courts of chancery can interfere with the exercise by the board of trade of its disciplinary powers, either before or after it has tried the member.  *Harlow* v. *Dehon*, 111 Mass. 195; 1 Thompson on Corp. sec. 913; *Sturges* v. *Board of Trade*, 86 Ill. 441; *Baxter* v. *Board of Trade*, 83 id. 146; *Fisher* v. *Board of Trade*, 80 id. 85; *Pitcher* v. *Board of Trade*, 121 id. 412; *People* v. *Board of Trade*, 80 id. 134.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant filed his bill against appellee to enjoin it from trying him for a violation of its by-laws.   The bill avers that the appellee is a public corporation owning property of the value of $1,500,000, and is carried on for

the pecuniary profit of its members; that appellant is a member in good standing and is innocent of the charges made against him; that the eighteen directors are the judges who must pass on the charges against appellant; that a committee of three of these directors was appointed, under a by-law, to investigate charges against appellant, and without his knowledge and without notice to him examined sworn witnesses, whose testimony was reported, and preferred charges against him for a violation of the rules of the board. The bill then alleges there is no warrant in the by-laws for such committee proceeding in the way it did; that if such course was to be pursued he had a right to notice of such examination and to be present and defend himself, and should be allowed the assistance of counsel; that a by-law deprived him of that right, and that such by-law was illegal and void; that appellant has pending contracts with clients and customers for the future delivery and purchase of grain amounting to $75,000, upon which he received $20,000 margins and paid out to others $10,000, and if expelled he cannot fulfill his contracts; that he was summoned to appear and stand trial on three days' notice when he was sick and unable to attend, and if expelled the injury to him will be irreparable. The bill prayed for an injunction restraining the board of trade from trying or attempting to try him for dealing in differences on fluctuations in the market price of commodities without a *bona fide* purchase or sale of property for actual delivery, or from trying him for making or reporting false and fictitious purchases and sales, and from disciplining, suspending or expelling him.

Appellee filed an answer, which admits that it is a corporation; avers that it is not organized for pecuniary profit, but is a voluntary association, and states its object substantially as alleged in the bill; avers it was authorized by its charter to make rules, regulations and by-laws for its government, and to admit to membership or expel therefrom such persons as it may see fit, in the manner

prescribed by its rules, regulations and by-laws, by which it is shown that the board of directors of appellee consists of eighteen members, one of whom is its president and two are its vice-presidents; that when any member shall violate any of the rules, regulations or by-laws of the association, or when any member shall be guilty of making or reporting false or fictitious purchases or sales, he shall be censured, suspended or expelled by the board of directors, as they may determine from the nature and gravity of the offense committed; that a majority of a quorum sitting at a regular or adjourned meeting of the board of directors shall be necessary to censure or suspend, and an affirmative vote of at least twelve members of the board of directors shall be necessary to expel; that all charges shall be in writing, and be signed by one or more members of the association, by business firms, one or more of whose members shall be members of the association, or by the chairman of the committee of the association; that it is made the duty of the board of directors to refer all charges made against a member, or any public report concerning an act of a member charging him with an offense against its by-laws, to a committee of their own number for a preliminary or informal investigation, who must inquire into the truth or falsity of such complaint or report, and after investigation, if they shall deem any member guilty of such offense they shall so report to the board of directors with specific charges; that upon such a report being made, the member implicated is notified to appear before the board of directors for trial; that the rule does not prescribe what means the committee appointed to investigate shall take to determine the truth of the accusations against a member; avers that these rules were in force at the time appellant became a member, and that he assented to the same; denies all conspiracy or prejudging of the case; admits the preferring of charges by the committee after they heard evidence, and the purposed trial; admits the

rule, as set forth in the bill, that the right to professional counsel is denied.

Affidavits were filed by appellee and appellant. The temporary injunction granted at the time of filing the bill was dissolved and the bill dismissed, on a hearing upon bill, answer and affidavits. The complainant excepted, and prosecuted an appeal to the Appellate Court for the First District, where the decree was affirmed, and this appeal is taken.

The appellant insists that the rule denying to him the right to have professional counsel is unreasonable and void; that the appointment of a committee to investigate and determine whether charges shall be preferred against him, from the members of the board of directors, who are to constitute the body to try him, would make his judges his prosecutors who had prejudged his case, and therefore the rule is unreasonable, illegal and void; that the procedure by the committee in hearing and reporting the evidence against him without notice and without his being present was a violation of the rules of the board, and was an illegal and oppressive procedure.

The Board of Trade of the City of Chicago maintains an exchange hall, upon the floors of which, between certain prescribed hours of each business day, the business of its members in buying and selling grain and provisions is transacted. The greater part of the products of the territory tributary to Chicago is dealt with on its floors, and to a great extent the prices of grain and provisions throughout the civilized world are there fixed and determined. It is a corporation organized under an act of the General Assembly of this State, and has the power to enact rules and by-laws for its own government and the government of its members. When such rules are enacted by such an association or corporation they must be conformed to by it in all matters relating to its members, with reference to their actions and in disciplining them. One becoming a member of such a corporation or asso-

ciation and subscribing to the by-laws agrees to submit to its rules and regulations. (*Bauer* v. *Samson Lodge*, 102 Ind. 262; *Presbyterian, etc. Fund* v. *Allen*, 106 id. 593; *Cole* v. *Iowa State Mutual Ins. Co.* 18 Iowa, 425.) The by-laws to which such member agrees to submit are such as are authorized by the nature of the corporation and the laws of the country, and hence must not be contrary to the policy of the law nor unreasonable. (*Sayre* v. *Louisville, etc. Ass.* 2 Duval, 143; 1 Thompson on Corporations, secs. 1014, 1015; *People* v. *Throop*, 12 Wend. 183.) The offense charged against appellant is one that is clearly in violation of the by-laws, and although it is averred that the defendant is not guilty of the charge, that cannot affect the right of procedure.

By section 15 of rule 4 of appellee it is provided that where any grave offense, or act of dishonesty involving the good name or dignity of the association, or any act of dishonesty, by complaint or public report concerning a member, shall come to the knowledge of the board of directors, they shall cause a preliminary investigation to be made by a committee to determine whether charges shall be preferred. The appellant insists that such appointment of the committee, and its hearing testimony and investigating without notice to him, are unreasonable, unjust and a violation of his rights. The object and purpose of this rule were evidently to avoid the annoyance and harassment to members which would arise from hearing every charge that might be made against a member based on mere rumor, or by operators on the wrong side of the market who might be dealing through the member as their agent or commission man. A mere inquiry to determine whether mere complaints or rumors shall be investigated and tried before the board of directors on charges preferred against a member is in no sense a trial. Neither is it an unreasonable by-law, in contravention of public policy. It is not requisite that notice be given of such inquiry. When charges are preferred

against a member to be tried before the board of directors, the by-laws then require that he shall have notice before being placed on trial. No right given him under the by-laws of the corporation, to which he has assented, is infringed.

The fact that the charges are preferred by a member of the board of directors which is to try the accused would not be cause for interference by a court of equity to prevent a trial. To assume in advance that such a board would not give a member a fair trial is to deny to such a body the reputation for justice and fair dealing which commercial and mercantile associations have always enjoyed. It is to assume that men will not deal fairly with one of themselves. Such presumption cannot be entertained. If the fact that charges were preferred by a member of a board of directors would prevent a hearing by them on charges, it would also apply in case the power of trial was lodged in the body of the members, as it frequently is. If the board of eighteen directors would be disqualified from trying a member because one or two had prejudged his case, and a court of equity would on that ground interfere by injunction to prevent a trial, then one or two members of the board who might have prejudged the case favorably to the member to be tried could prevent a trial by announcing the fact that they had prejudged the case.

It is urged that a court of equity should interfere and enjoin a trial, under the rules of appellee, because one of its rules prevents appellant from being represented by professional counsel. That provision of the by-law is: "In investigations before the board of directors, or any committee of the association, no party shall be allowed to be represented by professional counsel." When it is considered that, as a rule, the body of the board of directors is composed of men not conversant with forms of procedure and technical rules of law, but are organized into a corporation or association for business purposes,

and the governing body before whom trials are to be had is circumscribed by no technical rules of law, and that the purpose is to investigate whether there has been a violation of the rules of that body,—rules with which they, as well as the accused, are familiar,—it will be seen the employment of professional counsel would not be calculated to expedite business or advance the interest of the accused, because the judges are unacquainted with technical rules of law. With such a body to try the accused under its own rules, subscribed to by the accused, the exclusion of professional counsel does not violate our sense of right, is not against public policy or unreasonable. The manner of investigation to determine whether charges shall be preferred, the manner of trial, the body before whom the trial is to take place, and the exclusion of professional counsel, are all provided for by the by-laws and are methods of discipline. They infringe no rule of law and are not unreasonable. They provide a tribunal and procedure voluntarily chosen to determine questions arising between the association and its members, according to rules to which the members assented on being admitted. As heretofore said, where such by-laws infringe no public policy or rule of law, and are not unreasonable, courts will never interfere to control their enforcement, but such corporations or associations will be left to enforce their rules and regulations in the manner they have adopted for their own government and methods of discipline. *Fisher* v. *Board of Trade*, 80 Ill. 85; *Baxter* v. *Board of Trade*, 83 id. 146; *Sturges* v. *Board of Trade*, 86 id. 441; *People ex rel.* v. *Board of Trade*, 80 id. 134; *Pitcher* v. *Board of Trade*, 121 id. 412; *Ryan* v. *Cudahy*, 157 id. 108; *Board of Trade* v. *Nelson*, 162 id. 431.

It is insisted the board of trade, by holding out to the public that a broker is a member, encourages and invites the public to buy produce on its exchange through that member, and when the public have acted on such invitation, by the expulsion of such member the board would

prevent the carrying out of contracts which customers of the expelled member have made in good faith, and such customers would be remediless. Contracts contemplating actual delivery can be enforced against the other parties thereto in the name of such customer, although the name of the principal with whom he has dealt is not disclosed by the broker at the time of making the contract. Such contracts could have been provided for by counter-sales or purchases on the floor of the exchange within an hour. The existence of such contracts affords no ground for interference to prevent a trial under the rules of the board of trade. If it could be held it did, then a member could always have outstanding contracts, and effectually prevent being tried for a violation of the rules of the board of trade. Aside from this, customers of a member of the board of trade dealing with him as such member must be conclusively presumed to have dealt with him with reference to the rules of the board, which provide that their broker could be suspended or expelled for misconduct. (*Bailey* v. *Bensley,* 87 Ill. 556.) To allow an injunction in cases of this character would result in transferring offenses against the rules of clubs, societies, churches, corporations and associations of this character to courts of chancery for trial, where it was alleged the membership was of pecuniary value and that the complaining member could not have a fair trial under the rules of the organization to which he belonged.

It was not error to dissolve the injunction and dismiss the bill.

The judgment of the Appellate Court for the First District affirming the decree of the Superior Court of Cook county is affirmed. *Judgment affirmed.*