## Joseph Moody, Appellant, v. Frank Farrington et al., Appellees.

ASSOCIATIONS—*resort to remedies within association as condition precedent to resort to courts.* A member of a voluntary labor organization who has been ousted therefrom is required to seek redress in the tribunals of the organization in accordance with its constitution and laws to which he subscribed as a member and to carry his appeal to the highest appellate tribunal in the organization before resorting to the courts; and a declaration against officers of the organization for an alleged unlawful ouster which shows that plaintiff has not exhausted his remedies within the organization states no cause of action.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed July 10, 1922. Rehearing denied October 4, 1922.

GEORGE W. KENNEY, for appellant.

A. W. KARR, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

In this case a demurrer was sustained to appellant's declaration. Appellant elected to stand by his declaration, whereupon judgment in bar and for costs was entered in favor of appellees, from which judgment an appeal has been taken.

The declaration sets up that appellant was a member of the United Mine Workers of America, 'a voluntary unincorporated labor and beneficial organization; that charges were preferred against him; that he was wrongfully ousted from the organization and damaged thereby. The defendants named in the declaration are: Frank Farrington, individually as president of the District Union of the Twelfth District of the United Mine Workers of America, Harry

Fishwick, individually as vice president, Walter Nesbit, individually and as secretary-treasurer, John Zimmerman, individually and as International Board Member, all of the members of the Executive Board, the Twelfth District, Abijah Huggins, individually as vice president of said Subdistrict No. 8, J. C. Sisney, W. F. Fisher and Walter Bolan, the latter three being the ones who filed the charges against appellant in his local union.

The constitution of the organizations was set in full in the declaration, from which it appeared that there were provided courts of appeal within the society created for the purpose of reviewing and correcting the decisions of the subordinate tribunals of the society. It also appeared from the declaration that appellant had not exhausted his remedy in the tribunals of the society.

The only question involved upon this appeal is whether or not appellant is required to follow through to the end the course or courses of appeals in the United Mine Workers of America tribunals before bringing this suit.

In *People v. Women's Catholic Order of Foresters,* 162 Ill. 78, it is said:

"By uniting with a voluntary organization, such as these benefit societies are held to be, the member agrees to be bound by its constitution, by-laws and rules. Among the provisions, which he thus impliedly binds himself to abide by, are those which relate to expulsion. (*Pitcher v. Board of Trade,* 121 Ill. 412.) He furthermore agrees to resort to such remedies as the constitution or by-laws provide for reviewing and correcting the decisions of the subordinate tribunals of the society. (Niblack on Mut. Ben. & Acc. Ins. [2nd Ed.], sec. 47.) If he has been tried and expelled, and the proceedings, which result in his expulsion, are subject to review under the laws of the society, such proceedings may be annulled by the action of the reviewing tribunal. (Id.) Therefore, 'when the char-

ter, constitution or by-laws of the society require a member to first seek redress within the society and by appeal to carry the question to its highest tribunal, he has no right to bring an action against the society in a court of the land until he has exhausted his remedy in its tribunals.' (Id., secs. 111, 311.)'' In the case above cited the court quotes with approval from *Screwmen's Benevolent Ass'n v. Benson,* 76 Tex. 552, as follows:

''Members of such associations, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to the courts of justice to set aside the illegal awards of such tribunals, as long as there is another body which has power to reverse the sentence, and which has not been appealed to. The presumption is that, if the plaintiff had appeared before the association at a proper meeting and had taken an appeal from the sentence of the board of trustees, the sentence, if illegal, would have been set aside.''

Appellant's declaration showing affirmatively that appellant had not exhausted his remedies before the tribunals of the order in accordance with the constitution to which he voluntarily subscribed before bringing this suit, the demurrer was properly sustained.

The judgment is affirmed.

*Affirmed.*