# THOMAS J. RYAN

## v.

## S. WARREN LAMSON ET AL.

*Board of Trade—Transaction on—Rules of Interference with by Courts—Interpleader.*

1. The courts of this State will not interfere between the Board of Trade of Chicago and its members, to prevent or avoid the effects of discipline under the rules of the board.

2. Where appellant sold to appellees corn for future delivery for the account of, as he alleged, a third party, which transaction resulted in a loss, and such third party obtained an injunction against appellant to restrain him from paying to appellees the funds deposited as security against such loss, whereupon appellees threatened to proceed against appellant under the rules of the board if he failed to pay them such loss, *held*, that appellant was not entitled to sustain a bill of interpleader to determine to whom belonged the funds in his possession. If he committed himself to both appellees and the third party, he must make his defense against each without help from the other.

[Opinion filed March 19, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. YOUNG & MAKEEL and JOHN GIBBONS, for appellant.

Messrs. D. M. KIRTON, D. A. CAMPBELL and HARRY OLSON, for appellees.

Ryan v. Lamson.

Gary, J.   The amended bill of the appellant upon which the question to be now decided arises, alleges that he and several of the appellees are members of the Board of Trade of Chicago; that for the account of one Schloss, the appellant, in his own name, sold corn for delivery in November, 1891, to such appellees; that such appellees had notice that he was acting as agent for some other person, and might have had the name of that person, but did not ask for it; that he has money of Schloss in his hands to secure him, but Schloss has filed a bill and obtained an injunction preventing him from paying such appellees the loss on the sales; that Schloss in his bill alleges that the market for November corn was cornered by those appellees; that those appellees threaten to proceed against the appellant under the rules of the board if he does not pay to them the loss, which process may result in his suspension as a member of the board, to his irreparable damage.   On the original bill an injunction had been issued against the appellees, among whom are the board, to stay the proceedings until the further order of the court, and leave was given to file the amended bill without prejudice to that injunction. Later the injunction was dissolved and the bill dismissed for want of equity.

This amended bill is an attempt by the appellant to compel the appellees to whom he sold the corn, to interplead with Schloss, and determine which should have the money appellant has in his hands, and prevent any discipline of the appellant under the rules of the board, as he will pay to whoever may be found entitled.   It is settled as the law of this State that the courts will not interfere between the Board of Trade and its members to prevent, or avoid the effects of, discipline under the rules of the board.   Pitcher v. Board of Trade, 121 Ill. 412, 20 Ill. App. 319, is, so far as we are advised, the last of the many unsuccessful attempts to have them do so.

As a bill of interpleader the appellant has no case.   If he has committed himself to the appellees to whom he sold,

and to Schloss for whom he sold, he must make his own defense against each, without help from the other. Sachsel v. Farran, 35 Ill. App. 277.

The decree is affirmed.

*Decree affirmed.*