t·

ᴖ

ALMA JACKSON ET AL., APPELLANTS, V. SOUTH OMAHA LIVE STOCK EXCHANGE ET AL., APPELLEES.

FILED NOVEMBER 18, 1896.   NO. 6922.

1. Associations: MEMBERS: FINES: INJUNCTION: REVIEW.   In an action to enjoin the collection of a fine assessed against members of a voluntary association for the violation of its rules, disputed questions of fact cannot, as by a reviewing court, be examined, there being no proper proof of the nature of such evidence.

2. ———: BY-LAWS: PUNISHMENT.   The articles of incorporation of a voluntary association provided that its affairs should be managed by its board of directors and by its by-laws, and such board was clothed with power to inquire into and punish infractions of its by-laws.   *Held,* That the regulations were as binding on the members of the association in the form of by-laws as though embodied in and constituting part of its articles of incorporation.

3. ———: ———: ———: FINDINGS: QUALIFICATION OF. DIRECTOR: REVIEW.   The mere fact that a director had a special interest in the infliction of punishment upon a member of a voluntary association for the violation of its regulations did not, in the absence of objection on the ground of disqualification of such director to act as a trier of the accused, so far invalidate the findings and order of the board of directors, acting within the scope of its powers, that such findings and order, in a collateral proceeding in the district court, ought to be treated as of no force or validity.

APPEAL from the district court of Douglas county.. Heard below before WALTON, J.

The opinion contains a statement of the case.

*John T. Cathers*, for appellants:

The exchange has no authority to fine, suspend, or expel a member. Its charter confers no such authority. The charter of a corporation is the measure of its powers, and the enumeration of those powers implies the exclusion of all others. Such powers cannot, therefore, be extended by by-laws. A by-law is void where it is contrary to the common law, to a legislative enactment, or to the state or federal constitution. (*State v. Atchison & N. R. Co.*, 24 Neb., 144; *People v. Chicago Gas Trust Co.*, 130 Ill., 268; *Hood v. New York & N. H. R. Co.*, 22 Conn., 502; *Franklin Co. v. Lewiston Savings Bank*, 68 Me., 43; *Commonwealth v. St. Patrick Benevolent Society*, 2 Bin. [Pa.], 441; *Evans v. Philadelphia Club*, 50 Pa. St., 107; *Fuller v. Trustees of Academic School in Plainfield*, 6 Conn., 532; *Gray v. Medical Society of Erie County*, 24 Barb. [N. Y.], 570; *Butchers Beneficial Association*, 35 Pa. St., 151; *Butchers Beneficial Association No. 1*, 38 Pa. St., 298; *Commonwealth v. Worcester*, 3 Pick. [Mass.], 462; *In re Long Island R. Co.*, 19 Wend. [N. Y.], 37; *People v. Throop*, 12 Wend. [N. Y.], 184; *Hibernia Fire Engine Co. v. Harrison*, 93 Pa. St., 264; *Thomas v. West Jersey R. Co.*, 101 U. S., 71; *Pennsylvania R. Co. v. St. Louis, A. & T. H. R. Co.*, 118 U. S., 290; *Taylor v. Porter*, 4 Hill [N. Y.], 140; *City of St. Louis v. Weber*, 44 Mo., 547; *City of Ottawa v. Carey*, 108 U. S., 110; *Farmers & Traders Bank v. Harrison*, 57 Mo., 503; *Matthews v. Skinker*, 62 Mo., 329; *Browing v. Board of Commissioners of Owen County*, 44 Ind., 11; *Bank of Chillicothe v. Swayne*, 8 O., 258; *Miller v. Ewer*, 27 Me., 509; *Kennebec & P. R. Co. v. Kendall*, 31 Me., 471; *Westcott v. Minnesota Mining Co.*, 23 Mich., 145; *Sayre v. Louisville Union Benevolent Ass'n*, 1 Duval [Ky.], 143; *Dunham v. Trustees of Village of Rochester*, 5 Cow. [N. Y.], 462; *Brewster v. Hartley*, 37 Cal., 15; *Andrews v. Union Mutual Fire Ins. Co.*, 37 Me., 256; *Murdock v. Trustees of Phillips Academy*, 12 Pick. [Mass.], 244; *Mobile & O. R. Co. v. Franks*, 41 Miss., 494; *Commonwealth v. Erie & N. E. R. Co.*, 27 Pa. St., 339; *Wolf v. Goddard*, 9

Watts [Pa.], 550; *McIntyre v. Ingraham*, 35 Miss., 26; *Diligent Fire Co. v. Commonwealth*, 75 Pa. St., 291; *Fertilizing Co. v. Village of Hyde Park*, 97 U. S., 660; *Downing v. Mount Washington Road Co.*, 40 N. H., 230; *People v. Fire Department of the City of Detroit*, 31 Mich., 458; *State v. Chamber of Commerce of the City of Milwaukee*, 20 Wis., 63; *Williams v. Lowe*, 4 Neb., 382; *Phillips v. Allen*, 41 Pa. St., 481; *Barter v. Commonwealth*, 3 Pen. & W. [Pa.], 253; *Benson v. Mayor of the City of New York*, 10 Barb. [N. Y.], 224; *State v. Doherty*, 60 Me., 509; *Wally v. Kennedy*, 10 Tenn., 554; *Atchison & N. R. Co. v. Baty*, 6 Neb., 37; *Moore v. Bank of Commerce*, 52 Mo., 377.)

*Charles Offutt* and *Charles S. Lobingier*, contra:

The South Omaha Live Stock Exchange is a voluntary association not subject to the rules of the ordinary trading corporation. (*People v. Chicago Board of Trade*, 80 Ill., 134; *Anacosta Tribe v. Murbach*, 13 Md., 91, 71 Am. Dec., 625; *Black & White Smiths' Society v. Vandyke*, 2 Whart. [Pa.], 309, 30 Am. Dec., 263; *White v. Brownell*, 2 Daly [N. Y.], 329.)

The power to make and enforce rule 9 is inherent in such an association, and need not be conferred by its charter (*Rex v. Richardson*, 1 Burr. [Eng.], 539; *Lord Bruce's Case*, 2 Strange [Eng.], 819; *Rex v. Liverpool*, 2 Burr. [Eng., 1759], 723; *Otto v. Journeyman Tailor's Protective & Benevolent Union*, 75 Cal., 308; *Leech v. Harris*, 2 Brewst. [Pa.], 571; *White v. Brownell*, 2 Daly [N. Y.], 329); but in this case such power is conferred both by the general incorporation law (Compiled Statutes, ch. 16, sec. 124), and by the articles of the incorporation. (*Pitcher v. Board of Trade*, 13 N. E. Rep. [Ill.], 188; *Commonwealth v. Union League*, 19 Atl. Rep. [Pa.], 1030.)

The rules were violated in this case by the acts of appellants' agent, and such rules are enforceable. (*Martin v. State*, 30 Neb., 507; *State v. Denoon*, 5 S. E. Rep. [W. Va.], 315; 1 Wharton, Criminal Law, sec. 247; *People v. Blake*, 52 Mich., 566; *People v. Roby*, 18 N. W. Rep. [Mich.],

48

365; *Riley v. State*, 43 Miss., 397; *Commonwealth v. Kelley*, 140 Mass., 441; *Dudley v. Santbine*, 49 Ia., 650; *Faircloth v. State*, 73 Ga., 426; *Commonwealth v. Emmons*, 98 Mass., 6; *Halsted v. State*, 41 N. J. Law, 552; *State v. Hartfiel*, 24 Wis., 60; *Jamison v. Burton*, 43 Ia., 282; *Stern v. State*, 53 Ga., 229; *Houston v. Gran*, 38 Neb., 687; *Brown v. Foot*, 35 Cent. L. J. [Eng.], 181.)

Courts will only inquire in cases like this whether the proceedings were regular, and they were so in this case. (*Pitcher v. Board of Trade*, 13 N. E. Rep. [Ill.], 188; *Appeal of Sperry*, 9 Atl. Rep. [Pa.], 478; *Commonwealth v. Pike Benevolent Society*, 8 W. & S. [Pa.], 249; *Commonwealth v. Union League*, 19 Atl. Rep. [Pa.], 1035; *Commonwealth v. German Society*, 15 Pa. St., 251; *Black & White Smiths' Society v. Vandyke*, 2 Whart. [Pa.], 308; *Vaughn v. Herndon*, 17 S. W. Rep. [Tenn.], 793; *Lewis v. Wilson*, 121 N. Y., 284, 24 N. E. Rep., 474; *Bigelow v. Benedict*, 70 N. Y., 204; *White v. Brownell*, 2 Daly [N. Y.], 329; *Lambert v. Addison*, 46 Law T. [Eng.] n. s., 20; *Dawkins v. Antrobus*, 17 Ch. Div. [Eng.], 615; *Gregg v. Massachusetts Medical Society*, 15 Am. Rep. [Mass.], 24; *Austin v. Searing*, 69 Am. Dec., 677; *Hiss v. Bartlett*, 63 Am. Dec. [Mass.], 776.)

Even had appellants not been served with a copy of the charges, their appearance would have constituted a waiver of that omission. (*Sperry's Appeal*, 8 Cent. Rep. [Pa.], 219, 9 Atl. Rep., 478; *Burton v. St. George's Society*, 28 Mich., 261; *Commonwealth v. Pennsylvania Beneficial Society*, 2 S. & R. [Pa.], 140; *Loubat v. Leroy*, 65 How. Pr. [N. Y.], 138, 15 Abb., New Cases [N. Y.], 1.)

*Mahoney, Minahan & Smyth*, also for appellees.

RYAN, C.

Plaintiffs, who constitute the firm of Jackson, Higgins & Co., brought this action in the district court of Douglas county against the South Omaha Live Stock Exchange, a corporation, which, with its officers, were made defendants, to enjoin the collection of a fine of $250 assessed

against said Jackson, Higgins & Co. for the violation of certain rules of said corporation, of which corporation the individuals composing the firm of Jackson, Higgins & Co. were members. There was a decree denying the injunction prayed, and plaintiffs in this action have appealed.

The grounds on which relief was sought in the district court were irregularities in the action of the board of directors of the South Omaha Live Stock Exchange in the progress of the hearing pursuant to which the plaintiffs were fined, as well as improper proceedings before the trial, and an entire lack of authority in said board to fine and in default of payment thereof to suspend plaintiffs' rights as members of said corporation. In the petition was first alleged the existence of the corporation above referred to. Defendants were then described as officers of said corporation, and plaintiffs' relation to it was then stated. It was averred that on May 19, 1892, plaintiffs received a notice signed by A. L. Lott (who was secretary of the association), by which plaintiffs were required to appear at the rooms of the above described exchange on May 23, 1892, to show cause why they should not be dealt with for a violation of rule 9 of said corporation. Accompanying this notice there was given the plaintiffs a written statement in this language:

"SOUTH OMAHA, NEB., May 19, 1892.

"*Jackson, Higgins & Co., South Omaha, Neb.*—GENTLEMEN: You are hereby charged with violating rule 9 of this exchange, in this, that on or about the 12th day of April, 1892, you did, through one J. J. Raymaker, your authorized agent, pay one George F. Burke, of Bradshaw, Nebraska, the sum of $3.20 (three and twenty-hundredths dollars) as consideration and for the purpose of inducing said Burke to bill a car of cattle to the firm of Jackson, Higgins & Co.                    J. A. HAKE,

"*Pres. and Chairman of Board of Directors.*"

It was alleged in the petition that on May 23, 1892, the board of directors of the exchange met, and after repeated

adjournments ordered that the appellants herein pay a fine of $250 and be suspended until such fine should be paid.   There was in the petition a statement of the facts, which, as plaintiffs claim, the evidence introduced on these hearings established.   Even if the district court, by an injunction proceeding, could act as a court reviewing the findings of fact of the board of directors complained of, it could only do so upon evidence embodied in a bill of exceptions, duly settled.   The evidence before the board, as described in the district court by the several witnesses, was contradictory in its nature, and this would constitute another and sufficient ground for the court's refusal to set aside or disregard such findings.   Thus considered, this case presents but few important features, and these shall now be considered in detail.

It was alleged in the petition that no notice of the proposed hearing had been served before the hearing, as required by the rules of the exchange.   As has been already shown, there was a notice, accompanied by a written statement signed by the president and chairman of the exchange, by which, in general terms, the firm of Jackson, Higgins & Co. was notified of the time and place of the proposed hearing, as well as of the general nature of the charges preferred.   At the time so designated there was filed by Jackson, Higgins & Co. a paper which put in issue all the matters as to which evidence was afterwards introduced.   It is true there was on the hearing an objection to the sufficiency of the notice, because it failed to disclose who had instigated the proceedings which had assumed form in the complaint to which Jackson, Higgins & Co. were required to answer.   It was shown on the hearing before the board of directors that the complaint was signed by the members of a standing committee charged with the duty of investigating the rumors of infractions of the rules of the exchange, and with formulating complaints when such rumors seemed justified by the existing facts.   Appellants insist, however, that W. E. Wood, a member of the committee,

should not have served, because of his personal interest in the matter under consideration. To render intelligible this claim it is necessary to state that on April 12, 1892, G. F. Burke was shipping a car of stock from Bradshaw, Nebraska, to the live stock commission firm of Wood Bros., of South Omaha, and that by the payment of $3.20 by the soliciting agent of Jackson, Higgins & Co., Burke was induced to change the shipment so that it was made to Jackson, Higgins & Co. Walter E. Wood was a member of the firm of Wood Bros., and for that reason was personally interested in the infliction of punishment upon Jackson, Higgins & Co. In preferring charges against the offending firm there was, it is true, a personal interest involved, and yet even in criminal prosecutions it has never been held that the party aggrieved was disqualified to make such complaint as forms the basis of a preliminary examination as to alleged felonies or such as present for trial alleged misdemeanors. It is not so clear, however, that there was no impropriety in Walter E. Wood sitting as one of the triers of the alleged offense. Section 8 of rule 4 adopted by the exchange provides: "When any member of the association shall violate any of the rules, regulations, or by-laws of the association he shall be censured, suspended, or expelled by the board of directors, as they may determine from the nature and gravity of the offense committed." Walter E. Wood was a member of the board of directors above indicated. The offense was against the rules of the association. There was an incidental loss sustained by Wood Bros. by reason of the misconduct of Jackson, Higgins & Co., and to the extent of avenging this injury to themselves the members of the firm of Wood Bros. were interested in the punishment of Jackson, Higgins & Co. There was, however, no objection to Mr. Wood interposed by Jackson, Higgins & Co. It is provided by the rules of the exchange that three members of the board of directors, together with the president and vice president, shall constitute a quorum for the transaction of business, and if objection to

director Wood had been made the board could have proceeded without his participation in the hearing. It is possible even if seasonable objection had been made as to Mr. Wood, and nevertheless he had acted, that this irregularity could not be inquired into in a collateral proceeding; most certainly in the absence of objection it cannot.

The appellants insist that neither under the articles of incorporation of the exchange nor under the laws of this state was there any power to fine them, and, until payment of such firm, suspend their relations with the association. The third paragraph of the articles of incorporation of the South Omaha Live Stock Exchange is in this language: "The general nature of the business to be transacted by this company is to create and maintain an organization among dealers in live stock; to provide rules for conducting such business with order, safety, and security, and to enforce such rules and regulations by proper provisions; to generally protect and foster the interests of the dealers in live stock, and to promote and advance the same." No question is made by appellants that certain rules had been adopted for the government of the exchange, and that among its rules was one prohibiting the payment of money for the purpose of influencing shippers to patronize one live stock commission firm rather than another. It is urged, however, that the power of enforcing such a rule by the suspension or expulsion of an offender should not be based upon a mere rule, but if exercised, it should be by virtue of the articles of incorporation. The argument in favor of this contention is that while the association is purely voluntary, yet the right of membership has a pecuniary value, and that if this harsh provision was made public by the recorded articles of incorporation disclosing this regulation it would deter persons from becoming members of the association. If this consideration was urged by one who had been deceived, to his injury, by the non-appearance of this provision in the articles of incorporation, it might

possibly be entitled to some weight in a proper proceeding. But there is no claim that appellants, in a trial under this regulation as a part of the articles of incorporation, would have been exonerated. If we are to act on the result reached by the board of directors, Jackson, Higgins & Co. violated this rule while voluntarily an integral part of the association, protected by the very regulations of which this was one. By the membership of the individual partners constituting the firm of Jackson, Higgins & Co. that firm was as much contractually bound as though the substance of the rules had been incorporated in the recorded articles of incorporation, for the rights and liabilities of the members of the exchange are dependent upon contract. The fact that these rights and liabilities were not described in the articles of incorporation might possibly concern the public dealing with the association, but no cause has been suggested, and none occurs to us, illustrative of a possible danger from holding the members bound in a proceeding of this kind by its rules, whether adopted as parts of its articles of incorporation, or as by-laws or rules voluntarily assented to by all parties concerned in this litigation. This view of the relations of members of voluntary associations is not entirely without the sanction of precedent in this state, as will be seen by a reference to the cases of *Pounder v. Ashe*, 44 Neb., 672, and *Powers v. Budy*, 45 Neb., 208. The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.