O. IHNEN, JR., APPELLANT, v. SOUTH OMAHA LIVE STOCK EXCHANGE ET AL., APPELLEES.

FILED APRIL 14, 1917. No. 19357.

Voluntary Associations: MEMBERSHIP: DISCIPLINE. One who assumes membership in an unincorporated voluntary association or exchange, organized not for pecuniary gain or profit, but to provide convenient facilities for the orderly conduct of business at the common expense, such association having adopted for its government reasonable and uniform rules that do not contravene the law of the land nor offend against public policy, thereby consents to such rules, and, in event of violation thereof, is subject to such reasonable discipline as they may provide.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Lambert, Shotwell & Shotwell,* for appellant.

*Brown, Baxter & Van Dusen,* contra.

DEAN, J.

The plaintiff is a member of the South Omaha Live Stock Exchange. He is a dealer in live stock, and does business in the name of the "Farmer's Live Stock Commission Company," of which he is the sole owner. The defendant exchange is a voluntary association of persons not incorporated, organized to establish and maintain a commercial exchange, but not for pecuniary gain or profit.

For its government the defendant has a code consisting of many rules, regulations and by-laws. The control of the defendant association is committed by its rules to a board of nine directors, a president and a vice-president. Defendant filed a complaint with the board of directors against plaintiff charging him with the violation of rule No. 2 and rule No. 27 of the exchange.

Rule No. 2 follows: "The objects of this association are: To establish and maintain a commercial exchange, not for pecuniary gain or profit, but to promote and protect all interests concerned in the purchase and sale of live stock at the South Omaha stock-yards; to promote uniformity in the customs and usages at said market; to inculcate and enforce correct and high moral principles in the transaction of business; to inspire confidence in the methods and integrity of its members; to provide facilities for the orderly and prompt conduct of business; to facilitate the speedy and equitable adjustment of disputes, and, generally, to promote the welfare of the South Omaha market."

The complaint contained two counts. It will not be necessary to consider the first count, for the reason that it involves rule 27, and that rule is not before us. The second count, charging a violation of rule 2, follows: "(2) Said O. Ihnen, Jr., is guilty of violating rule No. 2 of said exchange in the following particular: That he, the said O. Ihnen, Jr., knew at the time he employed said * * * on or about the 28th day of August, 1914, that the said * * * was guilty of the several offenses charged against him in violating section 16 of rule No. 13 and section 7 of

rule 11 of said exchange, and knew of his trial on said charges, and knew of his plea of guilty thereto, and knew of his expulsion from said membership in said exchange and that in the face of said knowledge, and notwithstanding the expulsion of said * * * for the numerous offenses charged against him, the said O. Ihnen, Jr., in violation of rule No. 2 and in violation of his obligation as a member of said exchange to protect its good name and to promote the purpose for which said exchange was formed namely, to promote and protect all interests concerned in the purchase and sale of live stock in South Omaha, Nebraska, and to inculcate and enforce correct high moral principles in the transaction of business, and to inspire confidence in the methods and integrity of its members and, generally, to promote the welfare of the South Omaha market, employed and still employs said * * * to assist him, the said Ihnen, in carrying on his live stock commission business in South Omaha, Nebraska."

Section 7 of rule No. 11 that is referred to in the foregoing complaint against plaintiff follows: "When any member of the association shall violate any of the rules, regulations or by-laws of the association, be guilty of any act of bad faith, or dishonest conduct, he shall be censured, fined, suspended, or expelled by the board of directors, as they may determine from the nature and gravity of the offense committed. A majority of a quorum sitting at a regular or adjourned meeting of the board of directors shall be necessary to censure, fine, or suspend, and an affirmative vote of at least six members of the board of directors shall be necessary to expel."

A notice was served on plaintiff to appear for hearing on a day therein named at the office of A. F. Stryker, secretary traffic manager of the exhange. Shortly thereafter, and before the day fixed in the notice, this action was begun by plaintiff in the district court for Douglas county to enjoin the defendant exchange and its officers from proceeding with the hearing.

The petition alleges generally that the membership of plaintiff, now of eight years' duration, is of great pecuniary value; that he is under a contractual obligation for one year to pay $150 a month to the former member of the exchange who is now in his employ, and who "was expelled from membership in defendant association, and  *  *  * has never been reinstated to membership in said association; that the said  *  *  * expelled member is an experienced cattle salesman, with a large and broad acquaintance with the various shippers and cattlemen shipping to the South Omaha live stock market, and that by reason thereof his services are now, and have been, and will in the future be, of peculiar and great value to plaintiff, and that a breach of said contract by plaintiff will subject him to great and irreparable damage and injury." The petition charges that rule 2 is merely "a recital of the alleged objects and purposes" of the association, and that "no penalty is provided by the rules and by-laws" for its violation. The plaintiff further alleges "that, unless enjoined, the defendants will proceed to try and convict" him, and that he will be heavily fined or expelled from membership. Defendant demurred to plaintiff's petition, alleging that it "fails to state facts sufficient to constitute a cause of action against them, or either of them." The court allowed a temporary order of injunction, and enjoined the defendant exchange, until its further order, from "trying, or attempting to try,  *  *  *, or taking any action against the plaintiff  *  *  * for the alleged violation of rules 2 and 27." Defendant moved a dissolution of the temporary injunction, for the reason stated in the demurrer, and because the "petition is without equity," and because "the court is without jurisdiction to enjoin the defendant as prayed in the petition." On submission to the court on the foregoing pleadings and motion of defendant and the rules and by-laws of the defendant exchange, the temporary injunction as to the alleged violation by the plaintiff of rules 14 and 27 was made perpetual. The in-

junction was dissolved as to rule 2, and to this ruling plaintiff excepted.

Plaintiff in his brief charges that "the whole controversy started over the employment" by plaintiff of a cattle salesman, who "had been expelled from membership in the exchange." He concedes that defendant demanded of him the discharge of the ex-member, who was in his employ before the charges were filed. Plaintiff argues that, inasmuch as his sole business and livelihood is derived from his connection with the exchange, in which he "has a membership which is of the value of $3,000," he "would suffer irreparable injury from expulsion." It is argued that no member of the defendant association can be expelled for a violation of rule 2, because that rule is merely a preamble and statement of the objects and purposes of the organization, and does not state any penalty for its violation.

A member of an unincorporated association may be expelled "for such conduct as clearly violates the fundamental objects of the association." *Otto v. Journeymen Tailors Protective & Benevolent Union*, 75 Cal. 308, 7 Am. St. Rep. 156. Under this rule plaintiff's employee, the former member, was expelled for 27 specified violations of the fundamental objects of the association, to which he pleaded guilty. Thereupon the plaintiff, who was a member of the defendant association, employed the expelled member, and thereby placed him in the same position with reference to opportunities to violate the fundamental objects of the association. This conduct of the plaintiff might have a tendency to overrule and reverse the decision of the association in its action that resulted in expelling from membership the plaintiff's employee, and the result might be that one who was expelled would thus be allowed in the name of the plaintiff to do those acts for which he had been expelled.

The authorities do not support plaintiff's contention that he cannot properly be subjected to a trial in the premises. Plaintiff voluntarily assumed his membership in the association, and he thereby consented to its rules and sub-

jected himself to its tribunal. No rule is better settled than this. The case of *Green v. Board of Trade,* 174 Ill. 585, holds: "Courts will not interfere to control the enforcement of reasonable by-laws which infringe no rule of law or public policy, but will leave such enforcement to the corporation in the manner they have adopted for their own government and discipline."

The rule is well stated in *Leech v. Harris,* 2 Brewst. (Pa.) 571, wherein it is held: "If a complaint made against a member of a board is within and according to the regulations of the association, the person charged must submit to the forum and tribunal to whose jurisdiction he assented when he became a member of the board, and this court can give him no relief, except in case of irregularity of the proceedings against him." *Ryan v. Lamson,* 44 Ill. App. 204; *Board of Trade v. Weare,* 105 Ill. App. 289; *Jackson v. South Omaha Live Stock Exchange,* 49 Neb. 687; 26 Am. & Eng. Ency. of Law, 796; 17 Cyc. 860; 10 R. C. L. 1192.

The question of the guilt or the innocence of the plaintiff of the charges preferred against him by the exchange is not presented to us in the record. The question before us is with respect to the right of defendant to prefer charges against plaintiff and to put him on trial in pursuance of the provisions of valid rules that are in all respects reasonable, and that are not against public policy, and that do not contravene the law of the land. We hold that the exchange is clothed with the right so to do, and we will not assume without proof that a fair and impartial hearing will not be accorded plaintiff.

The judgment of the district court is right, and is in all things

AFFIRMED.

ROSE, J., not sitting.