Barrett, J.
The injunction is asked upon an inaccurate conception of the real dispute between the plaintiff and the club. It is not a question of the- character or propriety •of the plaintiff’s bill, but one of honor, between gentlemen. The charge, in substance, is that the plaintiff having ■obtained a favorable audit of his account upon a distinct promise that he would subsequently recast it so as to meet the approval of the board, has violated his pledge, refused ■either to recast the bill or to restore the original status, and has retained the money, ever after the board’s rescission •of the audit.
■ It is also charged that this repudiation of an honorable runderstanding was aggravated by evasion with regard to the pledge itself, and by the recall, in an unseemly and unwarranted.manner, of a letter upon the subject addressed to the president of the club. It surely needs no extended discussion to point out that the issue raised- by the plaintiff’s earnest denial of these charges is an appropriate one to be tried by the club itself under its constitution and by-laws.
These are questions of honor between gentlemen, with •which the courts have primarily nothing to do. When the plaintiff became a member of this club, he agreed to its constitution, which expressly provides the code regulating such offences, the tribunal for their trial and the procedure.
*250 The board of direction is in fact expressly authorized to suspend or expel a member for conduct which it shall consider dangerous to the welfare, interests or character of the club. Now, surely the board may lawfully say that it considers the conduct of the plaintiff, should the charges be proved, as coming within this provision. It certainly would be dangerous to the character of any association of gentlemen to have among them a member who has secured money, however honestly earned, by dishonorable means, and who retains it even legally by discrediting a fellow member’s word and repudiating his own.
The club, therefore, has ample jurisdiction to try the plaintiff upon these charges, while this court is entirely without jurisdiction in the specific premises.
A court of equity will undoubtedly see to it that the accused member has a fair hearing and that the club proceeds in accordance with the principles of natural justice.
Thus the member is entitled to due notice of the hearing, to a statement of the charges, to hear what his accusers have to say, and to an opportunity of explanation.
Unless these, and still other rights not necessary to be here specified in detail, are accorded, a court of equity will treat the proceedings and judgment as null and void. But before the club can be charged with having denied these rights, it should', at least, be permitted to grant them'. What the plaintiff asks, is that there shall be no hearing at all, and that he shall retain his membership untried, by the mere force of our injunction.
To sustain this position he assigns but two reasons-:
First. That the charges are untrue. In other words, that he is innocent. This, however, is the very matter to be determined by the tribunal which we have enjoined.
Second. That certain members of the board are prejudiced against him and consequently that he cannot have the fair trial which the law guarantees him. No substantial fact is stated which would warrant this conclusion.
It will not do to say that because the original dispute *251 was with the club itself, the board of directors is incompetent to try a question of honor and veracity growing out of that dispute, hi or can the plaintiff disqualify his constitutional judges by gratuitously or without specific proof assailing their impartiality. It is this club tribunal and this-alone that he contracted for (upon questions of club discipline) when he signed the constitution. But the plaintiff’» charges are fully met by the opposing papers.
One of the gentlemen referred to, being a witness, avow» that he has no idea of sitting; and the others declare themselves unprejudiced and solemnly protest that they have no-other thought or purpose than to give the plaintiff a fair and impartial hearing upon the charges, and to render a just verdict according to the best of their judgment after hearing both sides of the ease.
Then, further, the judgments of the board of direction i» not final. The constitution gives the defeated member art-appeal, upon the request of twelve of his fellow members, to the entire body of the club, .when, if the decision of the-board is not sustained by a majority vote, it becomes null and void and the membership remains intact.
Under such circumstances the plaintiff might well, a» stated in White v. Brownell, 4 Abb. N. S. 201, “ have-resorted to the remedy provided for him within the club-before he asked a court of equity x to interfere upon the ground that the ‘ board of direction was prejudiced against, him.’ ”
At all events the question of a fair hearing can only be solved when all the proceedings thereon are before us. Upon the hearing the plaintiff can object to any particular-member of the board, and if good and sufficient reasons for his challenge are furnished, the member may retire. If lie-remains, the reasons can subsequently be weighed when the-court is asked to re-instate, upon the claim that the ordinary principles of natural justice have been violated.
But such reasons must be substantial. The jurors provided for in the organic law of the club are not to be lightly *252 ¡set aside. 1 They are disqualified only when their sitting in judgment is under clear and convincing facts manifestly repugnant to those principles of justice which should gov■ern in every inquiry, however informal.
So as to the denial of counsel, the president had no more authority in this matter than any other member of the board. The plaintiff, if he desired to raise this point effectively, should have appeared with his counsel before the board at the time and place appointed for the hearing, and should then and there have claimed his privilege. He may still do •so. If it is denied, the question will then be properly up for decision. I may say, however, that ■ my impression-favors the plaintiff’s contention in this regard, and I should •deeply regret to learn that the assistance of counsel has been ■denied to any man struggling against an accusation involving not only his interest, but his honor, by a respectable and •enlightened body of American gentlemen.
My conclusion is that the plaintiff must exhaust his remedy within the club before appealing to the court. That he cannot stop a proceeding of this character, in limine; and that thus far the club has acted strictly within its lawful jurisdiction under the constitution to which the plaintiff (as well as all other members) has given his written .assent.
• It follows that the motion for an injunction must be •denied, and the temporary injunction dissolved with costs.