(23 Misc. Rep. 500.)

### PEOPLE ex rel. ELWELL v. MANHATTAN CHESS CLUB.

(Supreme Court, Trial Term, New York County. May, 1898.)

1. CLUBS—EXPULSION OF MEMBERS—REVIEW BY MANDAMUS.

Where the governing body of a club, under a provision for the suspension of members, and proceeding in conformity to its constitution and by-laws, suspended a member after summoning him to appear and defend himself against the charges made, and he knowingly allowed the proceedings to go against him by default, and was expelled, he is thereby concluded, and cannot reopen and try the merits by mandamus.

2. SAME—GROUNDS FOR EXPULSION—JURISDICTION OF OFFENSE.

Where a member of a club was charged with opening a sealed letter addressed to its president, the governing board of the club has a right to try him on such charge, as in effect a charge of breach of duty as a member, and not of a violation of the federal postal laws.

Mandamus on relation of John D. Elwell against the Manhattan Chess Club. Dismissed.

Conway & Westbrook, for relator.

R. H. Channing, for defendant.

McADAM, J.    The relator seeks reinstatement to membership in defendant club, from which he was expelled for wrongfully opening a sealed letter addressed to its president, pertaining to the club's business, destroying the original envelope, and substituting one of his own, to make it appear that the letter had, in the first instance, been addressed to the relator.    The club deemed the offense of sufficient importance to call upon him for some explanation, and he was, in consequence, summoned to appear before its board of directors, and answer the charge.    The relator refused to appear, and challenged the right of the board to try him.    The defendant's constitution provides that the government of the club shall be vested in a directory; that any member guilty of any conduct prejudicial to its interests may be suspended by it; that the action of the directory shall be reported at the next meeting of the society, and that it may then expel or reinstate such member by a majority vote.    The directory, on September 1, 1896, tried the relator, and on the proofs presented convicted him of the offense, and, after transmitting this result to the club, the organization, by a vote of 47 in the affirmative to 5 in the negative, expelled the relator from membership.    The proceedings taken were regularly conducted in strict accordance with the constitution and by-laws.    The tribunal that tried the relator was the one provided by the by-laws, to which the relator had assented.    It had jurisdiction in the particular case, and acted within the scope of powers conferred upon it, and its adjudication is conclusive and final.    Instead of resorting to the courts for relief, the relator ought to have availed himself of the remedies provided by the constitution of the society, and accepted the trial accorded to him, but this he declined to do, although offered by the directory every opportunity to vindicate himself, or to extenuate the offense.    In such a case the court need only look so far into the case as to satisfy itself that the society had jurisdiction, and the by-law under which it acted was valid, for, if it finds that there was jurisdiction, a valid by-law, and no arbitrary or capricious exercise of power, the legal remedy of the person expelled is at an end.    Bac. Ben. Soc. (2d Ed.) § 442; People v. New York Produce Exchange, 149 N. Y. 401, 44 N. E. 84.    The defendant seems to have acted in good faith, and within its jurisdiction, to discipline a member for conduct prejudicial to its interests; and the relator ought to have gone before the directory and the club itself, and defended his right to membership against the charge preferred. If he had done so, he might have had no cause to complain of the result.    Not having protected himself in this, the appropriate, manner, he has no right to litigate here the questions he might and ought to have contested there.    The rule is "that, where one voluntarily becomes a member of an incorporated society, whose by-laws provide a certain method of amotion for certain specified causes, the assent of the member thereto being a fundamental condition of his tenure of membership, the right of amotion is clearly established in the corporate body, and may be duly exercised in the manner and for the pur-

pose prescribed. And where, under such an organization, a corporator has been regularly tried, and expelled in due form, the sentence of the corporate body, thus acting in a judicial capacity, is not to be questioned collaterally; nor will the merits of such expulsion be examined in proceedings for a mandamus." High, Extr. Rem. § 292. See, also, Loubat v. Le Roy, 15 Abb. N. C. 1, and note; Id., 40 Hun, 546; Gebhard v. New York Club, 21 Abb. N. C. 248; White v. Brownell, 2 Daly, 329; Hurst v. Produce Exchange, 100 N. Y. 605, 3 N. E. 42, and opinion of court below in same case, to be found in 742 Court of Appeals Cases in Law Library; Com. v. Union League of Philadelphia, 135 Pa. St. 301, 19 Atl. 1030; Matthews v. Associated Press, 136 N. Y. 333, 32 N. E. 981; Lewis v. Wilson, 121 N. Y. 284, 24 N. E. 474; Fudickar v. Insurance Co., 62 N. Y. 392. In accordance with this policy it is now agreed that "courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered, and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations." Lafond v. Deems, 81 N. Y., at page 514. The offense charged was, in effect, a breach of duty by the relator as a corporator in the club, one which the directory might lawfully try, and not the violation of the federal postal laws, as the relator seems to suppose. Of course, the relator was to be tried by his fellow members. He knew that when he joined the club. He found that provision in its constitution, and pinned his faith to it. He cannot now complain that they were interested in getting him out. The members of the directory had no personal or pecuniary interest in the charge against the relator or its result, and acted as they lawfully might for what they regarded as the general good and welfare of their organization, and the fact that the charge emanated from them did not disqualify them from acting as triors in the first instance. What they did was founded on absolute duty imposed by the constitution, not by prejudice or bias. The decision by the directory did not operate as an expulsion until approved of by the club, and it is the final act of expulsion by the club itself that constitutes the grievance complained of. The relator deliberately allowed the proceedings in the inferior tribunal to go against him by default, when they might, perhaps, have eventuated in his favor if he had contested them as he ought to have done. He now seeks to have the case reopened and tried in this court upon mandamus. There is nothing to recommend or justify such novel procedure, and everything practical against it. The relator has no substantial grievance which calls for judicial interference by mandamus, and his proceedings must, on the conceded facts, be dismissed, with costs.

Proceedings dismissed, with costs.