(70 Misc. Rep. 609.)

MOYSE et al. v. NEW YORK COTTON EXCHANGE.

(Supreme Court, Special Term, New York County. February, 1911.)

1. EXCHANGES (§ 5*)—DISCIPLINE OF MEMBERS—VIOLATION OF BY-LAWS.
Where a cotton broker accepts employment to sell cotton to spinners only, he cannot sell to others contrary to his authority and refuse to account on the ground that the intent of his principal was to accomplish an illegal purpose, and a committee of the Cotton Exchange, of which he was a member, has power to investigate his conduct in selling under such circumstances contrary to instructions.
[Ed. Note.—For other cases, see Exchanges, Cent. Dig. §§ 5–7; Dec. Dig. § 5.*]

2. EXCHANGES (§ 5*)—TRIAL OF MEMBER—APPEARANCE BY COUNSEL—ENJOINING PROCEEDINGS.
Refusal of a committee of an exchange to permit a member, on trial for violation of the by-laws, to appear by counsel, is not ground for interference by the courts, though the silence of the by-laws on the point would apparently permit such appearance; the member being bound to exhaust his remedy in the exchange.
[Ed. Note.—For other cases, see Exchanges, Cent. Dig. §§ 5–7; Dec. Dig. § 5.*]

Action by Edward Moyse and others against the New York Cotton Exchange. Motion for injunction pendente lite denied. Affirmed in Appellate Division. 128 N. Y. Supp. 112.

Colby & Goldbeck, for plaintiffs.
Strong & Cadwallader, for defendant.

PAGE, J. This is a motion for an injunction pendente lite restraining the defendant from trying and expelling the plaintiffs, who are members of the Exchange. The numerous acts set forth which it is desired to have enjoined may be divided into two classes:

First. The restraining of any and all proceedings against the plaintiffs on the complaint made against them.

Second. Restraining the commission of acts during the progress of the proceeding which the plaintiffs claim are contrary to law or contrary to their rights under the rules of the Exchange.

[1] "It is elementary that one who joins an organization like the New York Cotton Exchange, even though his membership carries property rights, voluntarily subjects himself to its constitution and by-laws.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If he is guilty of misconduct, whose penalty is expulsion, according to their provisions, he cannot complain if expelled, provided the procedure is in accord with those provisions, no matter how greatly he may be damaged." Quentell v. N. Y. Cotton Exchange, 56 Misc. Rep. 150, 153, 106 N. Y. Supp. 228. In this case we find that the procedure preliminary to the trial of the charges was regularly conducted, and the matter was thus brought before the properly constituted and duly authorized body for trial. The plaintiffs contend, however, that the offense with which they were charged was one that the committee of the Exchange did not have jurisdiction to try. The complaint, in brief, is that one Rothschild employed the plaintiffs as his brokers to sell for him 5,600 bales of spot cotton, that he instructed them to sell the same to spinners only, for actual consumption, and under no circumstances to permit the cotton to be used for redelivery on contracts, or, in other words, not to be sold or delivered on contracts for future delivery made upon the Exchange. The complaint then states that plaintiffs accepted the employment and subsequently stated to Rothschild that they had sold his cotton in accordance with these instructions, and they gave him a general statement of account with reference to it; that Rothschild thereafter learned that the cotton had not been sold to spinners for actual consumption only, but had been redelivered in part or in whole in performance of contracts for future delivery made upon the Exchange; that Rothschild thereupon demanded a full memorandum of the plaintiffs' transactions in connection with his cotton; and that the plaintiffs refused to furnish any such statement. The complaint alleges that this refusal was contrary to section 40 of the by-laws, which provides that, when one member of the Exchange acts as broker for another, it shall be his duty to give his principal a memorandum of transactions for the principal's account. The complaint charges that the plaintiffs were guilty of (1) violating section 40 of the by-laws, (2) of doing acts tending to bring discredit upon the business of a cotton dealer, (3) of misconduct in their relations to the Exchange and to Rothschild as a member thereof, (4) conduct detrimental to the interests of the Exchange and its members generally, which charges are claimed to be cause for discipline by the Exchange under subdivisions "a," "d," and "e" of section 92 of the by-laws. If the charges were true, the plaintiffs were undoubtedly subject to discipline under section 92. The plaintiffs challenge the jurisdiction of the committee to try them on these charges, on the ground that the complaint reveals the existence of an agreement prohibited by law, to which Rothschild was a party, and that he is seeking the aid and instrumentalities of the Exchange in recognition, support, and enforcement of that agreement, in this: that Rothschild, with others, was engaged in an illegal combination or agreement in restraint of trade; that Rothschild has been indicted by a federal grand jury in this district charged with being a party to an illegal agreement to raise and maintain at a fictitious level the price of a staple article, i. e., cotton; and that the instructions as to the limitation upon the sale of the 5,600 bales were in pursuance and in aid of said illegal agreement of the so-called "bull pool." While these matters might be pertinent to a defense to the proceeding,

it does not in any way go to the jurisdiction of the Exchange or the committee thereof to hear the complaint. There was nothing illegal in the limitation that the cotton should only be sold to spinners' for actual consumption. A principal can limit the authority of his agent; and, if the principal has some undisclosed intent to further thereby an illegal purpose, the agent may refuse the employment, or may refuse to deal with the subject-matter, but he may not sell contrary to his authority and refuse to give account to his principal upon the ground that the principal's intent was to accomplish an illegal purpose. The Cotton Exchange is not seeking in this proceeding to enforce any contract or agreement, but to discipline a member for failure to obey the by-laws. Its decision would not affect any defense that the plaintiffs might have to an action at law as between Rothschild and themselves, but they have a right under the by-laws to try the member for the offense specified. The committee may find for or against the plaintiffs on the illegal intent of Rothschild's justifying the acts of the plaintiffs. They certainly have the power to investigate the complaint, and this ground is not sufficient to justify the plaintiffs in refusing to submit to the jurisdiction. Plaintiffs also challenge the right of one member of the supervisory committee to take part, on the ground that he has had business dealings with the complainant. It is to be noted that this committee has no power to finally determine the matter. They must report to the board of managers, and the discipline is administered by that body. The committee is appointed necessarily from the membership of the Exchange. The principal purpose of the Exchange is to facilitate and encourage business transactions among its members. If the objection here urged were good, any defaulting member could escape accountability to the Exchange.

[2] The plaintiffs claim that they have been deprived of the possibility of a fair trial, because they have been refused the right to appear by counsel. The by-laws are silent on the subject of counsel. Plaintiffs cannot, therefore, claim that they have been denied a right that is expressly given. In Green v. Board of Trade, 174 Ill. 585, 51 N. E. 599, 49 L. R. A. 365, the question was directly presented, as the by-law of the Board of Trade under consideration provided:

"In investigations before the board of directors or any committee of the association, no party shall be allowed to be represented by professional counsel."

The court said:

"When it is considered that as a rule the board of directors is composed of men not conversant with forms of procedure and technical rules of law, but are organized into a corporation or association for business purposes, and the governing body before whom trials are to be had is circumscribed by no technical rules of law, and that the purpose is to investigate whether there has been a violation of the rules of that body—rules with which they, as well as the accused, are familiar—it will be seen the employment of professional counsel would not be calculated to expedite business or advance the interests of the accused, because the judges are unacquainted with technical rules of law. With such a body to try the accused under its own rules, subscribed to by the accused, the exclusion of professional counsel does not violate our sense of right, is not against public policy or unreasonable."

This reasoning would appear to be sound; and, had the by-law to which the plaintiffs assented in this case contained a similar provision,

I would have no hesitation in following the decision. The plaintiffs have not assented to a trial without the aid of counsel; and, when we consider the serious consequences which would follow the plaintiffs' expulsion, if such should be the outcome of these proceedings, I feel that the plaintiffs should have every opportunity, consistent with the by-laws, of defending themselves. They have the right to be confronted with the witnesses produced against them, and to cross-examine them, and to produce evidence on their own behalf. To one uninstructed in the art of examination and cross-examination of witnesses, and in the weight, competency, and sufficiency of evidence, the services of trained counsel are of inestimable benefit; and to those of us trained under the common law seems almost a necessary part of any proceeding of a judicial nature, where a person's property, honor, and business integrity are at stake. This question has not been directly determined in this state, but Justice Barrett intimated strongly that such would have been his decision had the question been properly raised. In Gebhard v. N. Y. Club, 21 Abb. N. C. 248, 252, he said, as to the denial of the right to counsel:

"The plaintiff if he desired to raise this point effectively should have appeared with his counsel before the board at the time and place appointed for the hearing, and should then and there have claimed his privilege. He may still do so. If it is denied, the question will then be properly up for decision. I may say, however, that my impression favors the plaintiffs' contention in this regard, and I should deeply regret to learn that the assistance of counsel has been denied to any man struggling against the accusation involving, not only his interest, but his honor, by a respectable and enlightened body of American gentlemen."

It would therefore seem to me that, as the by-law is silent on the question of counsel, the plaintiffs should be entitled to the aid of professional counsel. But this question and all others relating to the procedure before the properly constituted authorities of the Exchange must be raised on a proceeding to review the final action of the Exchange.

Courts of equity do not stop proceedings of this nature in limine and determine in advance questions that, although apprehended, may not arise. The plaintiffs must exhaust their remedy within the Exchange first. The case of Quentell v. N. Y. Cotton Exchange, 56 Misc. Rep. 150, 106 N. Y. Supp. 228, is not an authority for enjoining proceedings regularly brought pursuant to the by-laws. In that case the Exchange was proceeding arbitrarily and contrary to its by-laws, and the court properly restrained it from continuing its proceedings. But in this case the Exchange, through its appropriate committee, has begun proceedings concerning a matter within their jurisdiction, and must be allowed to continue. The plaintiffs should appear on such date as may be hereafter set for the hearing with their counsel; and if they are not accorded a fair and impartial hearing, and the board of managers should act thereupon and expel the plaintiffs, they have a full and adequate remedy in the right to have a judicial review of the proceeding.

Motion will therefore be denied, with $10 costs. Settle order on notice.

Motion denied.