(143 App. Div. 265.)

## MOYSE et al. v. NEW YORK COTTON EXCHANGE et al.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. EXCHANGES (§ 5*)—MEMBERSHIP—BY-LAWS—COMPLIANCE.

Where an exchange organized as a membership corporation was governed by by-laws defining the duties and obligations of members inter se, one joining the association subjected himself to its constitution and laws, and, if guilty of misconduct, the penalty of which was expulsion, could not complain if expelled by regular proceedings.

[Ed. Note.—For other cases, see Exchanges, Cent. Dig. §§ 5–7; Dec. Dig. § 5.*]

2. EXCHANGES (§ 5*)—MEMBERSHIP—EXPULSION—VIOLATION OF BY-LAWS—JURISDICTION.

Where a member of a cotton exchange employed plaintiffs, who were also members, to sell 5,000 bales of cotton for actual consumption, and not for future delivery, and, on ascertaining that plaintiffs had sold the cotton for future delivery, demanded a full memorandum of plaintiffs' transaction in connection therewith, which plaintiffs refused to furnish as required by one of the by-laws of the exchange, it could not be restrained from assuming original jurisdiction to try plaintiffs for violation of its rules on the ground that the limitation placed on plaintiffs' authority by their client was illegal, and in furtherance of an illegal combination or agreement in restraint of trade to enhance the price of cotton.

[Ed. Note.—For other cases, see Exchanges, Cent. Dig. §§ 5–7; Dec. Dig. § 5.*]

3. EXCHANGES (§ 5*)—MEMBERS—EXPULSION—RESORT TO COURT.

Where proceedings are instituted against a member of an exchange looking to his expulsion for violation of its by-laws, the member must first exhaust his remedies in the association before he may invoke redress from the courts.

[Ed. Note.—For other cases, see Exchanges, Cent. Dig. §§ 5–7; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Suit by Edward Moyse and others against the New York Cotton Exchange and others. From an order denying plaintiffs' motion for an injunction pendente lite (129 N. Y. Supp. 173), they appeal. Affirmed.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Morgan J. O'Brien, for appellants.

Henry W. Taft, for respondents.

SCOTT, J. Appeal from an order denying plaintiffs' motion for an injunction pendente lite.

The plaintiffs Edward Moyse, Hugh F. McElroy, and Felix H. Moyse are members of the New York Cotton Exchange, and together with Joseph L. Moyse, constitute the firm of Edward Moyse & Co., transacting business as cotton commission merchants and brokers on said exchange. The defendant Cotton Exchange is a membership corporation incorporated by the state of New York. The purpose for which an injunction is sought is to restrain the defendant Cotton Exchange from proceeding to try certain charges which have been made in due form against those of the plaintiffs who are members of said

exchange, and, if the exchange be not restrained from trying such charges, that its methods of procedure in certain particulars be prescribed, and it be restrained from proceeding in any other manner. The New York Cotton Exchange has adopted and is governed by an elaborate code of by-laws which, among other things, defines the duties and obligations which each member assumes towards his fellow members and the exchange. It is too well settled to call for the citation of authorities that one who joins such an association subjects himself to its constitution and by-laws, and, if he is guilty of conduct the penalty of which is expulsion, cannot complain if he be expelled, providing the proceedings leading up to such expulsion are fair and regular and in accordance with the said constitution and by-laws; and this is so even if, as it is said in the present case, the right of membership is of substantial value. In this case the procedure preliminary to the trial of the charges was regularly conducted, and the matter was thus brought before the properly constituted and duly authorized body for trial.

The plaintiffs contend, however, that the offense with which they were charged was one that the committee of the exchange had no jurisdiction to try. The complaint, in brief, is that one Rothschild employed the plaintiffs as his brokers to sell for him 5,000 bales of spot cotton; that he instructed them to sell the same to spinners only for actual consumption, and under no circumstances to permit the cotton to be used for redelivery on contracts, or, in other words, not be sold or delivered on contracts for future delivery made upon the exchange. The complaint then states that plaintiffs accepted the employment, and subsequently stated to Rothschild that they had sold his cotton in accordance with these instructions, and they gave him a general statement of account with reference to it; that Rothschild thereafter learned that the cotton had not been sold to spinners for actual consumption only, but had been redelivered in part or in whole in performance of contracts for future delivery made upon the exchange; that Rothschild thereupon demanded a full memorandum of the plaintiffs' transactions in connection with his cotton; and that the plaintiffs refused to furnish any such statement. The complaint alleges that this refusal was contrary to section 40 of the by-laws, which provides that, where one member of the exchange acts as broker for another, it shall be his duty to give his principal a memorandum of transactions for the principal's account. The complaint charges that the plaintiffs were guilty (1) of violating section 40 of the by-laws; (2) of doing acts tending to bring discredit upon the business of a cotton dealer; (3) of misconduct in their relations to the exchange and to Rothschild as a member thereof; (4) conduct detrimental to the interests of the exchange and its members generally, which charges are claimed to be cause for discipline by the exchange under subdivisions "a," "d," and "e" of section 92 of the by-laws. If the charges were true, the plaintiffs were undoubtedly subject to discipline under section 92.

The plaintiffs challenge the jurisdiction of the committee to try them on these charges, on the ground that the complaint reveals the

128 N.Y.S.—8

existence of an agreement prohibited by law, to which Rothschild was a party, and that he is seeking the aid and instrumentalities of the exchange in recognition, support, and enforcement of that agreement, in this: that Rothschild, with others, was engaged in an illegal combination or agreement in restraint of trade; that Rothschild has been indicted by a federal grand jury in this district charged with being a party to an illegal agreement to raise and maintain at a fictitious level the prices of a staple article—i. e., cotton—and that the instructions as to the limitation upon the sale of the 5,000 bales were in pursuance and in aid of said illegal agreement of the so-called "bull pool." We agree with the learned justice from whose order this appeal is taken that there is nothing in this defense which affects the jurisdiction of the exchange to try the charges. Assuming the charges to be true, as we must for the purpose of testing the jurisdiction of the exchange, we find the plaintiffs charged with plain violations of the by-laws and of their duty to their principal. Their answer in effect is that, while the instructions given by the principal were in their face perfectly legal and legitimate, yet, because plaintiffs suspected that these legal instructions cloaked, and were intended to further, an illegal purpose, they were justified not only in disobeying their instructions, but in acting directly contrary thereto, and also justified in refusing to give an accurate account of the manner in which they had dealt with their principal's property. If this constitutes a defense at all, it is certainly one with which the exchange was competent to deal in the first instance. It is the complaint which establishes the jurisdiction of the exchange to try the plaintiffs, and it cannot be ousted of jurisdiction by such a defense as plaintiffs have interposed. But in any event the time is not ripe for interference by the court. It is the settled law that a member of such an association as the Cotton Exchange, against whom proceedings are instituted under its by-laws, must first exhaust his remedies within the association before he may invoke redress from the courts. The rule on this subject is thus stated by the Court of Appeals in Thomas v. Musical Mut. Pro. Union, 121 N. Y. 45, 24 N. E. 24, 8 L. R. A. 175:

"We practically held in the Hurst Case that the remedy by injunction will not lie, as no violation of plaintiff's rights had happened or may ever happen, and no injury thereto is threatened in such a sense as justifies a preventive remedy, and the rule there adopted must govern the case. * * * We have not been referred to any authorities holding that an action in equity will be sustained under such circumstances. Even in the case of offenses involving the penalty of expulsion from similar societies, actions have been maintained to enjoin such societies from denying the privileges of membership to a party expelled only after action by the society expelling such member has been had. No case has been cited where an injunction has been granted in anticipation of such an event, and we think, within settled rules, that suit in equity for such a purpose is not maintainable."

To this same effect is Hurst v. N. Y. Produce Exchange, above cited, which had to do with proceedings against a member who challenged the jurisdiction of the Exchange to try him upon certain charges (100 N. Y. 605; more fully reported, 3 N. E. 42). The question of the jurisdiction of the defendant exchange to try the charges against the plaintiffs is clearly one which must first be determined by

the exchange itself through its appropriate committees. The same rule applies to plaintiffs' demand that the court shall practically take charge of the trial by directing how it must be conducted. Here again we are not called upon to interfere to prevent an injury which is purely anticipatory. A person charged as these plaintiffs are has certain rights which are well settled and generally recognized, and may claim others which are not so clearly determined. It is the duty of the exchange, in the first instance, to pass upon his claims. If he is given all to which he is entitled, he will have no grievance. If he be denied rights which should have been accorded to him, and injury follows, it will then be open to him to seek redress in the courts.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.