In the Matter of the Judicial Settlement of the Account of MARY BENJAMIN, as Administratrix, etc., of ANN SHANNON, Deceased.

MARY BENJAMIN, Individually and as Administratrix, etc., of ANN SHANNON, Deceased, and Others, Appellants; THE ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Res. pondent.

(First Department, February 7, 1913.)

EVIDENCE—PRESUMPTION—DEATH AFTER DISAPPEARANCE FOR SEVEN YEARS —DECEDENT'S ESTATE—ACCOUNTING OF ADMINISTRATOR—DUTY OF SUR-ROGATE TO MAKE DETERMINATION AS TO DEATH OF NEXT OF KIN.

Where an unmarried woman disappeared without a known cause, leaving her personal effects behind her, and nothing concerning her can be discovered after diligent search, she is presumed to be dead after the expiration of seven years from the date of her disappearance.

The surrogate on the judicial settlement of the accounts of the administrator of an estate in which the person who so disappeared would have shared, should determine the fact of her death and order a distribution to the other next of kin. It is not necessary that such determination be made in a separate proceeding brought for that purpose.

APPEAL by Mary Benjamin, individually and as administratrix, etc., and others, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 24th day of October, 1912.

F. R. Minrath, for the appellants.

Robert P. Beyer, for the respondent.

DOWLING, J.—This is an appeal from a decree of the Sur-

rogate's Court adjudging that it has not been established by adequate proof or with sufficient particularity that Bridget Shannon is dead, or that she did not survive her sister, Ann Shannon, the intestate, and that the remaining one-fourth of the estate of Ann Shannon, reserved by the administratrix pursuant to a prior decree, which would have gone to Bridget Shannon, shall be paid by the administratrix into the treasury of the State for the benefit of the persons who may hereafter appear to be entitled thereto.

The question involved in this appeal is whether upon the papers presented by the petitioners it satisfactorily appears that Bridget Shannon had died before the death of the intestate, which occurred on November 12, 1910. This court has so recently laid down rules as to the presumption of death arising from long-continued and unexplained absence that no further discussion of that question is now required. (See Matter of Wagener, 143 App. Div. 268; Cerf v. Diener, 148 id. 150.)

In this case it appears that Bridget Shannon arrived in America in 1863, being then about twenty-four years of age. She obtained employment at Belleville, N. J., in the home of Dr. Ward, where Margaret Fitzpatrick, another sister, was also employed. She remained with this family for ten years, or until 1873, when, without a word to any one as to her purpose or intention, with no known or assignable cause, and with no suggestion of any reason therefor, she suddenly disappeared from the place of her employment, leaving behind her a trunk containing her clothes, and taking with her nothing save her then wearing apparel. She was then unmarried, and there is no suggestion that she married thereafter. From that time until the time of making the application herein, no letter or message of any kind had ever been received from her; she had not been seen by any of her family; they had never received any information as to any other person having seen or heard

from her, and she disappeared effectually and completely from human vision. Were she living she would now be about seventy-three years of age. At the time of her disappearance her sister Mary Benjamin, who came to this country with her, was employed and living in the city of Newark, N. J., and she has been in that vicinity ever since. Her sister Margaret Fitzpatrick, with whom she worked at Dr. Ward's, visited the Ward household after leaving their employment, and at the time of Bridget's disappearance was living in Orange, N. J., where she lived until 1901, and where her family have ever since resided. Mrs. Ward, who is still living, has never heard of Bridget since. Effort has been made by search through the various bureaus of vital statistics, and in insane asylums, as well as by calls upon persons likely to know of her continued existence, to ascertain whether any trace of Bridget Shannon could be found, but in every instance without success.

Applying the principles laid down in the cases just cited, it seems clear that under the facts in this case Bridget Shannon must be presumed to have been dead at the expiration of seven years from the date of her disappearance, and at the latest by December 31, 1882, which is seven years from the latest date, by the most liberal calculation, that can be deemed to have been the time of her disappearance. That the fact of the death of one of the next of kin should be determined by the Surrogate's Court, when called upon so to do, upon the judicial settlement of the account of an administrator, and not necessarily made in a separate proceeding for that purpose, is determined in Matter of Wagener (*supra*). In this proceeding the citation has been properly published as against Bridget Shannon, if living, or her unknown next of kin if any there be, and the provisions of section 2523 of the Code of Civil Procedure have been duly complied with. Her death without issue at the date mentioned being judicially determined, the share which

otherwise would have been hers must, therefore, be divided among the next of kin of Ann Shannon. The decree appealed from will, therefore, be reversed and the proceeding remitted to the Surrogate's Court for an entry of a proper decree, in accordance with this opinion, with costs to appellant payable out of the estate.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Decreed reversed and proceeding remitted to Surrogate's Court as stated in opinion, with costs to appellant payable out of the estate. Order to be settled on notice.