This matter came before me on the return of an order to show cause for the continuance of a restraint restraining the General Executive Board of the International from suspending Charles Mutter as first vice-president of the International.
It appears that Charles Mutter, who was the first vice-president of the International, was suspended as first vice-president by the General Executive Board of the International sitting as a so-called "trial committee" on July 20th, 1943. The trial was held pursuant to the provisions of the organization's constitution. Mr. Mutter appeared before the said General Executive Board of the International and asked permission to have the assistance of counsel at the hearing. He was informed by the said Board that under the established practice of that Board neither side was permitted to be represented by counsel but that he was entitled to select any member of the Board to represent him at the hearing. He failed to make such a choice, and after reading a prepared statement to the Board to the effect that he did not desire to participate without counsel, he left and the trial proceeded.
The custodial receiver of the Local, who was appointed by this court, was permitted to be present at the hearing. The said receiver reported to me that all the formalities of due process has been observed. On the day following the hearing, the Board handed down its decision to the effect that Mr. Mutter was guilty of the charges made against him; to wit, that he was guilty of leading a secessionist movement in his *Page 574 
local to the detriment of the welfare of the union. He thereupon was suspended from his offices as first vice-president, member of the General Executive Board and Board of Directors, discharged as an organizer and his suspension as president of Local No. 2 approved.
The day the decision was handed down, the solicitor of Mr. Mutter applied for a restraint against the International of its action against the said Mutter. Solicitor of complainant argues that the proceedings before the General Executive Board were ineffectual because of the refusal of that Board to permit Mr. Mutter's counsel to be heard in his behalf. It is for that reason claimed that Mr. Mutter was deprived of the benefit of a fair hearing.
There is nothing in the by-laws of the International relative to the question of a party being represented by counsel at a hearing before the said Board. The cases cited by counsel are:Venezia v. Italian Mutual Benevolent Society, 74 N.J. Law 433;Powell v. Alabama, 287 U.S. 45; Moyse v. New York CottonExchange, 70 Misc. Rep. 609; 129 N.Y.S. 173; Greene v. Board ofTrade of the City of Chicago, 174 Ill. 585; 51 N.E. Rep. 599;L.R.A. 365; Flynn v. Brotherhood of Railroad Trainmen,111 Kan. 415; Raynovic v. Vrlinic, 334 Pa. 529; 6 Atl. Rep. 2d288, and Harmon v. Matthews, 27 N.Y.S. 2d 656. The above cases lay down the rule that before a member or officer can be expelled or removed from office there must be a fair hearing upon the charges held against him. Such is undoubtedly the law but I find nothing in the cases which covers the situation in the present case.
In the Powell Case the trial was for rape and there is no question that in such a case the defendants were entitled to be represented by counsel. In the Moyse Case the question of representation was not decided although the court did intimate that where a by-law is silent on the question of counsel the plaintiffs should be entitled to the aid of professional counsel. In the Greene Case there was an express provision in the by-laws that a member on trial was not entitled to representation by professional counsel and the court held that such a rule was not unreasonable and does *Page 575 
not infringe on public policy or any rule of law. The question raised here does not seem to have been decided in any case which I have been able to find in New Jersey. In the Flynn Case it was held that in the absence of an express provision in the by-laws any procedure resulting in a fair trial is unobjectionable. In the Raynovic Case it was held that "trial procedure in beneficial associations need not be conducted under rules of law applicable to court trials nor under the scrutiny of a lawyer." In the Harmon Case the judge held that unless some other legal method is provided by its law, before a member can be expelled upon charges from a trade union or any voluntary unincorporated association he is entitled to be confronted by his accusers and the witnesses against him, with a reasonable opportunity to question or cross-examine them, and that he is also entitled to answer, explain, defend and present evidence in his own behalf. The court then said: "That does not mean that the procedure known to the common law or defined by statute or rule for the conduct of the public courts or judicial orquasi-judicial bodies, must be followed."
In 1 Teller on Labor Disputes § 100, it is said:
"The right of a labor union to discipline its members is unquestioned, provided only (1) that the constitution and by-laws of the association are followed; (2) that the discipline is undertaken and executed in good faith, and (3) that the disciplined member is afforded an opportunity to be heard, and otherwise accorded the benefit of procedure commonly included in the notion of due process.
 * * * * * * *
"In some cases, however, courts go further, to require that the determination of the association accord with `natural justice.'"
In the case of Zeliff v. Knights of Pythias,53 N.J. Law 536, it was said:
"In regard to matters of discipline, the courts will not interfere against the decision of the members of a club professing to act under its rules, unless it can be shown either that the rules are contrary to natural justice, or that what has been done is contrary to the rules, or that there has been malafides or malice in arriving at the decision, or refusal to give the member a hearing." *Page 576 
I have, therefore, concluded that the refusal to permit Mr. Mutter to be represented by counsel did not violate the rule of "due process" or "natural justice." He was given due notice of the nature of the charges against him and of the time and place of the hearing. It seems to me that the hearing was impartial as well as the tribunal before which the hearing took place. He refused to attend the hearing or select a member of the Board to represent him. This fact of his refusal cannot be overlooked. Mr. Mutter had been a member of the General Executive Board before which the hearing took place and should have known the course of procedure at such hearings.
The application is, therefore, denied. *Page 577