JOHN M. JONES, Plaintiff, *v.* FRED C. MOFFATT, as Acting President of New York Curb Exchange, Defendant.

Supreme Court, Special Term, New York County, August 18, 1944.

*Reed, Truslow, Crane & De Give* for defendant.

*Lowe, Dougherty, Hart & Marcus* for plaintiff.

BOTEIN, J. The plaintiff, a former member of the defendant New York Curb Exchange, which is an unincorporated association, has brought an action under section 13 of the General Associations Law seeking damages for an alleged wrongful suspension of his membership. The defendant now moves for summary judgment dismissing the plaintiff's complaint. Although the plaintiff has not made a cross motion therefor, he also asks that judgment be directed in his favor as authorized under rule 113 of the Rules of Civil Practice and that damages be assessed.

The plaintiff, by cross motion, also requests permission to amend his complaint. Since the defendant makes no objection thereto, the cross motion is granted and the complaint is deemed amended for the purpose of this motion and for all purposes.

The plaintiff was found guilty, following a trial by the Board of Governors of the defendant, of conduct inconsistent with just and equitable principles of trade. Most of the numerous alleged "wrongful acts" set forth in the plaintiff's affidavits, which form the basis of his complaint, are insufficient in law and in fact to sustain his cause of action. Furthermore, there

is ample evidence in the minutes of the trial to sustain the Trial Board's finding. (*Peo. ex rel. Johnson* v. *N. Y. Produce Exch.,* 149 N. Y. 401.) However, the method of adduction of such evidence causes the court some concern.

There were certain circumstances in connection with the conduct of the trial before the Board of Governors which the plaintiff contends precluded him from cross-examining the witnesses whose testimony was presented at the trial. Article V, section 1 (b), of the Exchange's constitution, provides that at a trial the accused shall be permitted in person to examine and cross-examine all of the " witnesses *produced* before the Board of Governors ". The testimony of eight witnesses, including that of the plaintiff and three of his partners, as taken during several sessions of the Committee on Stock Transactions, was read to the Board of Governors. The sessions or hearings before the Committee on Stock Transactions were strictly investigative in nature and concededly the plaintiff was not entitled, as a matter of right, to notice of such sessions or to be present or to cross-examine witnesses. Therefore, the practice of reading to the Board, at the trial, the testimony heard by the investigating committee, and thereafter resting the case, so to speak, upon such testimony, when considered in the light of the constitutional provision permitting the accused to cross-examine only those witnesses who were *produced,* effectually deprived the plaintiff of the opportunity to cross-examine the witnesses who furnished the testimony upon which his suspension was predicated.

The defendant's contention that the reading before the Board of the testimony adduced by the investigating committee had long been the Exchange custom and practice and was binding on the plaintiff as a member and pursuant to the contract between the plaintiff and the defendant, is untenable. I believe that fundamental principles of natural justice dictate that the plaintiff should have been accorded the right to confront the witnesses who furnished the testimony upon which his suspension was based, and to cross-examine them concerning the subject matter of the charges. (See *Hutchinson* agt. *Lawrence,* 67 How. Prac. 38; *Moyse* v. *New York Cotton Exchange,* 70 Misc. 609, affd. 143 App. Div. 265.)

True, after the reading of the testimony given by the witnesses before the investigating committee, a statement was made by the plaintiff which, on its face, would seem to constitute a waiver of the alleged improprieties which he now asserts. He contends, however, that he was refused recognition and denied the right, during the trial, to object to the method of submitting

evidence, and that following the presentation of the evidence he entered no objection and made the statement which the defendant claims operates as a waiver because he was virtually coerced by certain acts and statements made by the Chairman of the Board and by the governors, which he ascribes to their determination to conclude the trial at one sitting.

The plaintiff also claims two other improprieties in connection with the trial which merit discussion. First, and conceded, is the fact that the testimony of his partner, a co-accused, was taken by the Board of Governors in the plaintiff's absence and *after* he had given voice to his alleged waiver. Second, and disputed, is the plaintiff's allegation that the Board, after unduly prolonging the hearing until late in the evening so as to finish at one sitting, sent home without calling him to the stand a prospective witness whom the plaintiff had summoned and intended to call on his behalf.

There was no requirement that the trial before the Board should follow the pattern of a trial in a court of law. Formalities and rigid routine may be waived, provided however, that the substantial rights of the accused are preserved. (*Peo. ex rel. Johnson* v. *N. Y. Produce Exch.*, 149 N. Y. 401, 403, *supra.*)

Although the plaintiff's explanation of how he came to make the statement constituting the alleged waiver is somewhat lame, the three aspects of the trial before the Board above discussed raise issues as to whether in fact the plaintiff's substantial rights were abridged, which in my opinion should be determined upon a trial, and not upon affidavits. In view of this ruling it is unnecessary to consider the remaining points urged by the plaintiff in opposition to the defendant's motion. The plaintiff's application under rule 113 is patently an afterthought, deriving little support from the papers.

Accordingly, the defendant's motion for summary judgment is denied, as is the plaintiff's application under rule 113.