Edgar J. Nathan, Jr., J.
Plaintiffs are both dentists, duly licensed to practice dentistry in the State of New York. Defendant is a corporation organized under section 6603 of the Education Law of the State of New York, having its principal office in Rockville Centre, Nassau County. Both plaintiffs are concededly subject to defendant’s jurisdiction; plaintiff G-ilknan is a member in good standing of defendant; plaintiff Scarpone, although not a member of defendant, maintains professional offices in Nassau County.
Both plaintiffs are also officers of Dental Service Association, a voluntary association through which some 140 licensed dentists practicing within the New York metropolitan area make available dental services to many thousands of individuals, all of whom are members of one of many participating organizations. On or about July 7, 1959 the chairman of the ethics committee of the defendant caused to be mailed to plaintiffs, among others, the following letter:
TENTH DISTRICT DENTAL SOCIETY
A Component of the Dental Society of the State of New York
Constituent of the American Dental Association 165 North Village Ave. Rockville Centre, New York
July 7, 1959
CERTIFIED MAIL
Dr. M. B. Gillman
1693 New Hyde Park Road
New Hyde Park, NY (L. I.)
Dear Sir:
The Ethics Committee of the Tenth District Dental Society, after careful investigation, has come to the opinion that participation by members of this Society in the following named plans is unethical under our Code of Ethics:
1. Dental Service Association
2. Deputy Grand Chancellors Plan of the Knights of Pythias
3. Fraternal Dental and Family Physicians Plan (Knights of Pythias)
4. Fraternal Medical Specialist Service (Knights of Pythias)
5. Industrial Medical and Surgical Plan
6. Workman’s Benefit Fund
7. United Sons of Israel Plan
*459 It is now necessary for the Ethics Committee to implement and take action relative to enforcing this opinion.
If you are a participant of any of the above plans, you are hereby requested to:
1. Formally resign from such plan
2. Mail a carbon copy of your resignation from such plan to this Ethics Committee
3. Request, in your resignation, an acknowledgement of your resignation from the administrator of the plan
4. Forward such acknowledgement or a copy of it when you receive it, to this Ethics Committee.
Tour failure to comply with this letter within 30 days will make it necessary that formal charges be preferred against you in accordance with the provisions of the By-Laws of the Tenth District Dental Society.
Very truly yours,
F. M. Pellegrini
Chairman, Ethics Committee
As a result of this letter, plaintiffs sue for a declaratory judgment declaring the action of defendant’s ethics committee illegal and void and adjudging that the plan of Dental Service Association is legal and ethical under the codes of ethics of the defendant, and for an injunction restraining the defendant society from initiating charges of unethical activity against them. Plaintiff Gillman’s second cause of action sounds in libel, based on the statements made in the letter.
Defendant has moved pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state a cause of action, and, as to the first cause of action, for lack of jurisdiction of the subject matter in this court. Three corrective motions pursuant to rules 90, 102 and 103 of the Rules of Civil Practice have also been made. These need not be considered since the complaint is fatally defective and must be dismissed pursuant to rule 106 of the Rules of Civil Practice.
An examination of plaintiffs’ complaint reveals that defendant’s ethics committee has done no more than indicate that it will within 30 days (emphasis added) prefer formal charges against the plaintiffs in the event that they do not cease participation in Dental Service Association. There is no allegation in the complaint that the defendant has done more than this. Moreover, even if the ethics committee should initiate formal charges against plaintiffs, in order to become effective, *460 the by-laws require approval by the membership and the board of delegates. The by-laws also provide for appeals to the Dental Society of the State of New York and to the American Dental Society. The institution of formal charges by the ethics committee, if accomplished, will be the beginning of the administrative process, not the end. While plaintiffs’ complaint alleges that the actions of the ethics committee are ultra vires the defendant association, it is not urged that the plaintiffs are without the jurisdiction of the association. Accordingly, plaintiffs’ first cause of action is premature and must be dismissed without prejudice to renewal after exhaustion of plaintiffs’ administrative remedies, if so warranted.
Plaintiff Gillman’s second cause of action is also defective. A reading of the letter relied on reveals that it is not libelous as to plaintiff Gillman on its face, but only, if at all, by virtue of the extrinsic facts of his membership and participation in Dental Service Association. It is well settled that when extrinsic facts are relied upon to make out a case of libel, plaintiff may not rely upon a general statement of his damages, but must allege special damages in detail, as well as the facts causing such damages (O’Connell v. Press Pub. Co., 214 N. Y. 352; Rager v. McCloskey, 305 N. Y. 75, 81; Raeder v. New York Times, 1 A D 2d 1017). This plaintiff Gillman has failed to do and accordingly, the second cause of action is dismissed with leave to replead within 10 days after service of a copy of this order with notice of entry.