■ HERMAN GERACI et al, Appellants, v EIGHTH DISTRICT DENTAL SOCIETY OF THE STATE OF NEW YORK et al., Respondents.—Order unanimously affirmed, with costs, and complaint dismissed without prejudice. Memorandum: Plaintiffs are dentists who seek to enjoin defendants, officers of a professional society to which plaintiffs belong, from holding allegedly biased hearings to determine whether the plaintiffs have violated the society's ethical standards. The charges preferred against plaintiffs are based upon their employment at a dental clinic which provides dental services under prepaid dental contracts. However, no determination of unethical conduct as set forth in the "Principles of Ethics" of the society has been made; nor has any disciplinary sanction been imposed. Therefore, the plaintiffs have not exhausted their internal, administrative remedies, and their action is premature as a matter of law (Thomas v Musical Mut. Protective Union, 121 NY 45; Reid v Medical Soc. of County of Oneida, 162 App Div 923; Moyse v New York Cotton Exchange, 143 App Div 265, 268; Gillman v Tenth Dist. Dental Soc. of State of N.Y., 25 Misc 2d 457, app dsmd 10 AD2d 700). Plaintiffs have also failed to allege or establish any "state action" by defendants upon which equitable relief enforcing the due process clause of the Fourteenth Amendment could be predicated (see Moose Lodge No. 107 v Irvis, 407 US 163, 171–177; Matter of Salter v New York State Psychological Assn., 14 NY2d 100, 104–106). (Appeal from order of Erie Supreme Court dismissing complaint.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.

unanimously dismissed, without costs, in accordance with the following memorandum: This is an appeal from a nonfinal order of Special Term, Erie County, in an article 78 proceeding, which directed a hearing pursuant to section 3214 of the Education Law and denied petitioners' demand for the immediate reinstatement of their son, Phillip. The respondent school board clearly lacks authority to keep Phillip out of school for more than five days on the mere initiative of a school principal (Education Law, § 3214, subd 3, par b). The record, however, shows that a hearing was held in this matter pursuant to an order of Special Term but there is no indication that such hearing resulted in any final determination. Under these circumstances, we think it appropriate that petitioners be granted an opportunity to appear at another hearing which shall be held within two weeks. We also think it appropriate that petitioners be given notice of the specific matters to be heard, and respondents are directed to comply with the provisions of subdivisions 2 and 5 of section 3208 of the Education Law and 8 NYCRR 101.1 (b) and 101.4 (a) (3), if Phillip's mental condition is to be relied upon as a ground for his suspension from school. (Appeal from order of Erie Supreme Court denying motion to compel reinstatement of pupil.) Present— Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.